Parker v. Sanders, Judge.

PARKER v. SANDERS, JUDGE.

1. CIRCUIT COURTS: *Fixing terms of. Power of the legislature.*
   By act of February 13, 1885, the legislature fixed the terms of the circuit court of Monroe county on the fourth Mondays after the third Mondays in February and August in each year. By act of 3d of April, 1885, it divided Prairie county into two districts, and fixed the terms of one of the districts on the 3d Mondays of March and September in each year. Both counties are in the same judicial circuit, and have the same circuit judge. *Held:* That the time fixed for the spring term of the court in Prairie county being the same fixed for the spring term in Monroe county, the last act repealed the first and deprived Monroe county of its spring term, and that the repeal was not unconstitutional.

2. CIRCUIT COURTS: *Power of legislature to reduce terms of.*
   The constitution does not prohibit the legislature from reducing the annual terms of the circuit court of any county to one.

PETITION for *Mandamus.*

*H. A. Parker* and *Geo. H. Sanders,* for petitioners.

A constitution is framed and adopted in contemplation of, and with reference to the political sub-divisions of the state, and "the law of the land," as it thus exists. *Cooley's Con. Lim.,* 1st ed., \* *p. 60, 64; ib.,* \* *p. 353, et seq.; James v. Reynolds, 2 Texas, p., 251; Batton v. Albertson, 55 N. Y., p. 54; People v. Porter, 90 N. Y., p. 71.*

The constitution of 1874 recognized the political division of the state into counties, etc., and established circuit courts in each county, and provided for the holding two terms in each county each year. The makers gave to the legislature the power to fix the times and places for holding the courts, but gave them no power to lessen the terms contemplated by the constitution. An act which takes from a county the privilege of having an equal number of *terms* of her circuit court, as all other counties in the state, as found by express or implied authority from the constitution, is a law in conflict with "the law of the land," as set out in *sec. 21, art. 2, Con., 1874.*

For, first, it is not a uniform system of administering the law. *Cooley's Con. Lim., p. 354, et seq.; Durber v. City of Janesville, 28 Wis., p. 464;* and for the same reason is in violation of *sec. 13, art. 2, Const.,* because a *certain* remedy is not afforded to every person; and also in violation of *sec. 3,* same article, which recognizes the "equality of all persons before the law;" and in violation of *sec. 18, art. 2, Const.*

All of the above constitutional provisions are simply declarations of the organic law to have and maintain a *uniform* system of administering the law. *Cooley's Con. Lim.,* \* *p. 389* (unequal and partial legislation).

Parker v. Sanders, Judge.

Every county in the state has had two terms of the circuit court, per year, since the organization of the state government, and of this fact the court will take judicial knowledge; also of the fact that all the counties in the state still have two terms each year, except Monroe county. The number of terms in a year were fixed by the constitution with reference to the right of subjects to have " a speedy and impartial trial," and "a certain remedy," and to have rights determined "by the law of the land," and of these rights the legislature must take notice, and cannot controvene this right by legislation. *Walley's heirs v. Kennedy*, 2 *Yerger*, 554; 18 Am. Law *Reg.*, note to p. 684; *Davis v. Pierce*, 7 *Minn.*, p. 13; *Stanly Goodin v. Thoman*, 10 *Kan.*, 197; *Leavenworth v. Miller*, 7 *Kan.*, 489.

Sec. 18, art. 2, Con., operates inversely, and it is as much a violation of the provision to take from one class a privilege enjoyed by all other classes as it would be to give the privilege to all except one.

The fact as to a law being constitutional does not depend upon the intent of the legislature, but upon the effect of the law. *2 Yerger, 554; 28 Wis., 466.*

BATTLE, J.   Petitioner, H. A. Parker, states that Hon. M. T. Sanders, judge of the first judicial circuit and of the Monroe circuit court, refuses to and will not hold the circuit court of Monroe county on the fourth Monday after the third Monday in February, 1886, unless required to do so by this court, and asks that he be so required by mandamus. Sanders responds to the petition and admits the truth of this allegation.

On the 13th day of February, 1885, the general assembly of this state fixed the time for holding the circuit court of Monroe county on the fourth Mondays after the third Mondays in February and August of each year.   On the 3d

1.  CIRCUIT COURTS: Fixing terms of.

day of April, 1885, it passed an act dividing the county of Prairie into two districts, naming them respectively the northern district and the southern district, and fixing the times of holding the circuit court in the southern district on the third Mondays of March and September of each year, and of the circuit court for the northern district on the second Mondays after the third Mondays in February and August of each year. According to these two acts, the spring terms of the circuit courts of Monroe county and of the southern district of Prairie county are required to be begun and held on the same day.

Monroe and Prairie counties are component parts of the first judicial circuit of this state. Under the constitution and laws of this state it is the duty of the same judge to hold the circuit courts of both counties. It is evident, therefore, that so much of the act of the 13th of February, 1885, as fixes the time of holding one term of the Monroe circuit court on the fourth Mondays after the third Mondays in February of each year, has been repealed, unless so much of the act of April 3, 1885, as requires a circuit court to be held in and for each district of Prairie county, and prescribes the times when the terms thereof shall be held, is unconstitutional.

Petitioner contends that every county in this state is entitled, under the constitution, to at least two terms of the circuit court in each year; and that the act of April 3d is unconstitutional to the extent it would deprive Monroe county, if enforced, of one term in each year, and leave her only one annual term.

In the constitution of 1874, it is ordained: "The circuit courts shall hold their terms in each county at such times and places as are, or may be, prescribed by law." It does not expressly guaranty to any county more than one annual term of the circuit court. The power of fixing the times

when the circuit court shall be held in such county is vested by the constitution in the general assembly. Is there any limitation, expressed or implied, on the exercise of this power?

Judge Cooley says: "Where the power which is exercised is legislative in its character, the courts can enforce only those limitations which the constitution imposes; not those implied restrictions which, resting in theory only, the people have been satisfied to leave to the judgment, patriotism and sense of justice of their representatives. * * * Nor can a court declare a statute unconstitutional and void, solely on the ground of unjust and oppressive provisions, or because it is supposed to violate the natural, social or political rights of the citizen, unless it can be shown that such injustice is prohibited or such rights guaranteed or protected by the constitution. * * * The moment a court ventures to substitute its own judgment for that of the legislature, in any case where the constitution has vested the legislature with power over the subject, that moment it enters upon a field where it is impossible to set limits to its authority, and where its discretion alone will measure the extent of its interference. * * * * Nor are the courts at liberty to declare an act void, because in their opinion it is opposed to a *spirit* supposed to pervade the constitution, but not expressed in words. When the fundamental law has not limited, either in terms or by necessary implication, the general powers conferred upon the legislature, we cannot declare a limitation under the notion of having discovered something in the *spirit* of the constitution which is is not even mentioned in the instrument." *Cooley Con. Lim., p. p. 157, 200, 203, 208.*

It is contended that the act fixing the times of holding circuit courts in Prairie county is unconstitutional, because

it deprives the accused in criminal prosecutions in Monroe county of a speedy trial, and violates *section 10* of *article 2* of the constitution, which says: "In all criminal prosecutions the accused shall enjoy the right to a *speedy* and public trial by an impartial jury of the county in which the crime shall have been committed." The same right was guaranteed to the accused in prosecutions by presentment or indictment by the constitution of 1836. In *Stewart v. State, 13 Ark., 729,* a speedy trial, as used in the constitution of 1836, is defined to be "a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays, manufactured by the ministers of justice." Having been so defined in the constitution of 1836, it is to be presumed they were used in that sense in the constitution of 1874.

Again, it is said, that so much of the act in question as fixes the time of holding the circuit courts of Prairie county is unconstitutional, because it violates *section 13* of *article 2* of the constitution, which says: "Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he *ought* to obtain justice freely, and without purchase, completely and without denial, *promptly* and without delay, *conformably to the laws.*" But does the act in question take from the people of Monroe county any remedy in the laws for injuries or wrongs to person, property or character? It does not. The latter clause of this section of the constitution means nothing more than every one ought to obtain justice freely and without purchase, according "to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays, manufactured by the ministers of justice," or, as expressed in the constitution "*conformably to the laws.*"

Parker v. Sanders, Judge.

No one has a vested right to any particular remedy. " This is the general rule; and the exceptions are of those peculiar cases in which the remedy is part of the right itself.   As a general rule "the state has complete control over the remedies" of suitors in its courts.   " It may give a new and additional remedy for a right or equity already in existence.   And it may abolish old remedies and substitute new; or even without substituting any, if a reasonable remedy remains."   Whatever belongs to the remedy, may be altered according to its will, provided the alteration does not impair the obligation of contracts; and it does not impair it, provided it leaves the parties a substantial remedy, according to the course of justice as it existed at the time the contract was made.   It has, accordingly, been held that laws changing remedies for the enforcement of legal contracts will be valid, even though the new remedy be less convenient than the old, or less prompt and speedy."   *Cooley Con. Lim., p. p. 350, 351, 448.*

"A state," says Mr. Chief Justice Taney, in *Bronson v. Kinzie, 1 How., 315,* "may regulate at pleasure the modes of proceeding in the courts in relation to past contracts as well as future. * * * And, although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional.   Whatever belongs merely to the remedy may be altered according to the will of the state, provided the alteration does not impair the obligation of the contract."

The general assembly is vested with the power to change, control, modify and abolish remedies in the manner and to the extent the state can do so, subject to the limitations on that power, if any, contained in the constitution of the state.   It is true, every person is entitled to a certain remedy for all injuries or wrongs to his person, property

or character; but to the legislature belongs the power to determine and provide the remedy. He ought to obtain justice freely and without purchase; promptly and without delay; but it is the duty of the legislature to provide the mode and proceedings in which it shall be administered. In the absence of constitutional limitations, the courts have no right to interfere with the exercise of this power.

*Section 13* of *article 2* of the constitution is an abstract declaration of right, and is not a limitation on the power of the legislature. It is too uncertain and indefinite to form rules for judicial decisions, and serves rather as an admonition addressed to the judgment and the conscience of all persons in authority than a limitation. *Cooley on Constitutional Limitations, 213.*

2. Power of legislature to limit term.    We have failed to find any limitation in the constitution prohibiting the legislature from reducing the annual terms of the circuit court of any county to one. The prayer of the petition is denied.