ARCHER-FOSTER CONSTRUCTION COMPANY v. VAUGHN.

Opinion delivered May 7, 1906.

1. MASTER AND SERVANT—ASSUMED RISKS.—While a servant is held to have assumed all the ordinary risks of his employment, which include the risk from negligence of co-employees, whether vice-principals or not, engaged with him in the common work, he will not be held to have assumed latent dangers of which he was ignorant, and of which the master either knew or ought to have known. (Page 23.)

2. SAME—LIABILITY OF MASTER.—A master is liable for the negligence of a vice-principal in failing to warn a servant of latent dangers and to provide him a safe place to work, though such vice principal was also guilty of concurring negligence as a fellow servant. (Page 23.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Styles T. Rowe,* Judge.

J. H. Vaughn, as next friend to Joseph J. Fitzpatrick, sued the Archer-Foster Construction Company to recover damages for personal injuries alleged to have been received in its employment, and recovered judgment, from which defendant appealed. Affirmed.

*Ira D. Oglesby,* for appellant.

If any negligence is shown, it was that of a fellow-servant. If a foreman or one who in some respects is a vice-principal performs an act of labor in common with the labor of the plaintiff, he is a fellow-servant. 58 Ark. 217.

*Read & McDonough,* for appellee.

A foreman having power to employ, control and discharge laborers in his department is a vice-principal as regards the duty to warn such laborers of latent risks in their employment. 58 Ark. 168. It is in proof that appellee was working in a drill gang, doing ordinary drilling work in which there was no danger;

that he was under the control of Lynch, and was directed by him to place the drill in a hole containing the dynamite, which latter fact was unknown to appellee, and of which he had no notice or warning. Appellant and Lynch were not fellow-servants. 65 N. W. 914; 73 N. W. 186. Lynch stood in the place of the master, and the latter is liable for his negligence in assigning the servant to work in a dangerous place. 12 Am. & Eng. Enc. Law (2 Ed.), 957; *Ib.* 948; 11 Ind. App. 211; 104 Mo. 114. Appellant owed the absolute duty to appellee to furnish him a safe place in which to work, to warn him of the dangers incident to his duties, especially of latent risks or dangers, unknown to appellee, and known to it, or which by the exercise of ordinary care it could have known. 98 Cal. 19; 146 Ill. 551; 130 Ind. 321; 103 Mich. 196; 41 Minn. 212; 142 N. Y. 416; 76 Tex. 611; 31 S. E. 614; 82 Wis. 307.

WOOD, J. Appellee alleges in his complaint, among other things, the following:

"That on the 18th day of February, 1904, while the said Joseph J. Fitzpatrick was in the lawful employ of the defendant as aforesaid, the defendant did negligently, carelessly and recklessly take the said Joseph J. Fitzpatrick from where he was working in a place of safety, and did negligently, carelessly and recklessly set him to work at a hole which was heavily loaded with dynamite and other strong explosives, and did negligently, carelessly and recklessly fail and neglect to warn or notify the said Joseph J. Fitzpatrick that said hole was loaded, as aforesaid, and did negligently, carelessly and recklessly fail and neglect to furnish and provide a safe, competent and proper man in charge of said dynamite and other strong explosives, and did negligently, carelessly and recklessly fail and neglect to furnish the said Joseph J. Fitzpatrick with a safe, sufficient and proper place in which to perform his duties, and did negligently, carelessly and recklessly fail and neglect to warn or notify the said Joseph J. Fitzpatrick of the dangers of working at said hole, and the dangers and perils incident to said work, by reason whereof, and by reason of the negligence, carelessness and recklessness of the defendant as hereinbefore alleged, and without any fault or want of care on the part of said Joseph J. Fitzpatrick, and without any warning or notice whatever that said hole was loaded as

aforesaid, or that there was any danger whatever in working at said hole, the dynamite and other strong explosives in said hole exploded, and the said Joseph J. Fitzpatrick was thrown a distance of fifteen or twenty feet into the air, and fell with great force and violence to the ground, and was severely and permanently injured, as hereinafter more particularly alleged.

"That all dangers and perils incident to the employment of the said Joseph J. Fitzpatrick at the time of the accident and injuries as hereinbefore alleged were at all times well known to the defendant, but that the said Joseph J. Fitzpatrick then and there did not know, and he could not by the exercise of ordinary care and prudence on his part know, of them, and he had not the means of knowing as to the same."

Appellant in its answer denied each allegation of the complaint, and in addition to these denials set up a plea of contributory negligence, assumed risk, and that the accident was caused by the negligence of appellee's fellow-servant.

Upon the issue as thus made the cause was submitted to the jury.

The appellant was a construction company, and at the time of the injury to appellee was engaged in the work of constructing a roadbed for a railroad. The work being done was excavation work, removal of earth and rock, and was carried on by different squads. Some were engaged in handling steam shovels, others in drilling holes for blasting, and others loading and firing the holes after they were drilled. Appellee was with the crew that was drilling the holes. His account of the injury is as follows: "That, when at work drilling holes about thirty feet ahead of Lynch, he was called by Lynch to bring a drill, and on getting to where Lynch was at work, Lynch told him to put the drill in one of the holes, which he did; and that then he and Lynch took hold of the drill, and about the time they had given two or three licks with the drill the explosion occurred; that he knew it was Lynch's business to load the holes with powder and dynamite, but did not know that there was powder or dynamite in the hole they were drilling. The holes were usually from eight to eleven feet deep and about four inches in diameter; that the drill only went about four feet into the hole, which exploded before striking solid matter."

Without setting out the evidence in detail, it suffices to state that there was evidence tending to prove that Lynch, who was working with appellee at the time of the injury, was superintendent of the drill crew, having power to employ, discharge and direct the laborers in their work; there was evidence to justify the conclusion that Lynch was vice-principal of the appellant, whose duty it was to warn the men under him of the latent dangers and risks in their employment, thus bringing the case in this respect within the rule announced by this court in *Ft. Smith Oil Company v. Slover,* 58 Ark. 168.

It appears, then, from the evidence, and the jury might have found, that one Lynch, appellant's vice-principal, who had control over appellee and directed his labor, called appellee from his work of drilling in which there was no danger, and put him at a different kind of work about which there was the greatest danger, viz.: handling dynamite, and loading same into the holes after they were drilled. While it is doubtless true that appellee knew, as well as appellant's vice-principal, that dynamite was a dangerous and powerful explosive, which required the greatest care in the work of loading it in the holes in order to prevent accident, yet appellee did not know that there was dynamite in the hole Lynch and he were drilling out at the time the explosion occurred. He did not know that he was drilling out a hole in which dynamite had been negligently left, or that he was tamping or loading dynamite into a hole that had been already drilled. Now, the labor of drilling and of loading dynamite in the holes and of blasting same was all to a common purpose, and all who were engaged therein were fellow-servants. For in the exercise of ordinary care they might be able to foresee that they might be exposed to the risks of injury from the negligence of any who were engaged in that particular construction work. This would also include Lynch, the vice-principal, while he was doing the labor of drilling or loading the dynamite into the holes, and for an injury which resulted from his negligence in these particulars the master would not be liable. *Railway Company* v. *Torrey,* 58 Ark. 217.

While the servant assumes the ordinary risks incident to his employment, and can not hold the master liable for injuries resulting from obvious defects and dangers, or dangers that he knew and appreciated as well as the master, yet he does not as-

sume latent dangers, such as the master only knew or by the exercise of ordinary care should have known. It is the duty of the master to warn him of these, and to exercise ordinary care to provide him a safe place to work. *Ft. Smith Oil Co.* v. *Slover, supra; Railway Company* v. *Triplett,* 54 Ark. 289; *Railway Company* v. *Torrey,* 58 Ark. 217. These familiar and well-established principles, applied to the facts of this record, make appellant liable. The injury here was the result of the failure to warn appellee that there was dynamite in the hole he was drilling, the failure to exercise ordinary care to provide him a safe place to work. This was negligence for which the master was responsible; and if this negligence also concurred with the negligence of the fellow-servant in using the place assigned him and in handling the means and implements provided for the work in producing the injury, the master is still liable. *Railway Company* v. *Triplett, supra; Railway Company* v. *Torrey, supra.* Such is the case at bar. Lynch was the fellow-servant of appellee in handling the drill and loading the dynamite. But he was the vice-principal, and stood in the place of the master in the duty of warning of latent dangers and providing a safe place. *Phillips* v. *Fones,* 39 Ark. 17; *Fort Smith Oil Co.* v. *Slover, supra; Railway Company* v. *Torrey, supra.* The concurring negligence in failing to handle the drill properly, and in failing to exercise proper care to provide appellee a safe place to work, and to warn him of latent dangers, produced the injury complained of.

We must assume that the law was declared by lower court, as the instructions have not been set out in the abstracts of counsel.

Affirm.

BATTLE, J., dissenting.