ROBERTS & SCHAEFFER COMPANY v. JONES.

Opinion delivered March 11, 1907.

1. APPEAL—FINDING OF COURT—CONCLUSIVENESS.—Where, in a proceeding to correct a judgment record, there is substantial evidence to support the finding of facts of the trial court, such finding will not be disturbed on appeal. (Page 193.)

2.  JUDGMENT—IMPEACHMENT.—While a judgment entry is presumed to be correct until the contrary is shown, it may be impeached on direct attack by competent evidence *aliunde*. (Page 193.)

3.  CIRCUIT COURT—TERMS.—A term of the circuit court ends by operation of law when the time for holding court in another county in the circuit court intervenes, nor can there be open at the same time more than one court in the same circuit. (Page 193.)

4.  SAME—ADJOURNED TERMS—PRESUMPTION.—Where the record of a circuit court showed that an adjourned term thereof was held, but there was no order adjourning the court over, it will not be presumed that the court stood open from day to day if the regular time for holding court in another county in the same circuit court intervened between the regular and adjourned terms of such court. (Page 193.)

5.  BILL OF EXCEPTIONS—TIME FOR FILING.—Where, by the court's order, a party was allowed ninety days in which to prepare and file its bill of exceptions, the time should be counted from the time when the order was made, and not from the end of the term of the court. (Page 195.)

6.  PLEADING—DEFECTIVE COMPLAINT—WAIVER.—Though a complaint alleging negligence states a cause of action in a defective manner, the defect is waived where defendant files an answer which treats the complaint as having charged negligence on defendant's part, and denies such allegation. (Page 197.)

7.  MASTER AND SERVANT—DUTY TO GIVE WARNING.—It is the duty of a master to warn an employee of latent dangers. (Page 197.)

Appeal from Sebastian Circuit Court, Greenwood District, *Styles T. Rowe*, Judge; affirmed.

*Read & McDonough* for appellant.

On motion to strike out bill of exceptions:

1. After the court had signed appellant's bill of exceptions, appellee moved to set aside the order allowing the bill of exceptions, which was denied. This was not a matter from which appellee could appeal to this court. Kirby's Digest, § § 1189, 1190; 26 Ark. 468; 27 Ark. 113. See, also, Kirby's Digest, § 6221; 33 Ark. 569; 46 Md. 226; 2 Ark. 512. On appeal a bill of exceptions presented by the appellee will not be considered. 15 Mo. App. 585. There is therefore nothing before the court except the original transcript, which shows that the court was regularly in session at the time appellant's bill of exceptions was allowed and signed. A court has control over its orders and judgments during the term in which they are made, and for sufficient cause may modify or set them aside. 27 Ark. 295.

2.   The court had the power to set aside the order allowing 90 days in which to file the bill of exceptions.   The Missouri statute and cases cited are inapplicable.   In those cases the lower court attempted to extend the time without setting aside the former order limiting the time, but here the former order was set aside, and in the same term in which the former order was made. *Ubi supra;* 49 N. W. 377; 48 N. W. 227; 50 N. W. 718; 53 Md. 37; 11 Mich. 60; 19 D. C. 372; 29 Wis. 439; 103 N. W. 397.   See also 138 Fed. 37; 3 Ark. 451.   It is contended that because the clerk did not enter upon the record the order of January 23rd, there was no adjournment to a specific day.   This court has held to the contrary.   39 Ark. 448.   Held also that an *order* adjourning the court was a sufficient entry.   57 Ark. 10. It is provided that each circuit court shall continue in session at each term until the business pending therein shall be disposed of, or until it becomes necessary to adjourn the same in order to reach the court next to be held in the circuit.   Kirby's Digest, § 1320.   Special adjourned sessions of any court may be held in continuation of the regular term upon being so ordered by the court or judge in term time and entered by the clerk on the record.   *Ib.* § 1531.   And all proceedings had at the adjourned sessions are considered as proceedings of the term so adjourned. 2 Ark. 229; 65 Ark. 404.   The court may provide for a special adjourned session of the term to be held after the next regular term in another court of the circuit.   32 Ark. 278; 57 Ark. 10. So long as the court has not adjourned, it has ample authority to extend time for filing a bill of exceptions.   58 Ark. 110; 53 Ark. 415; 52 Ark. 554.

3.   It was within the discretion of the judge to say whether or not he would testify, and his refusal cannot be construed as impeaching the record.   Kirby's Digest, § 3144; 60 Ark. 85. See also Rapalje on Witnesses, § 45.   The presumption is that the record of the court is correct.   20 Ark. 92.

On the motion to correct the record in the court below:

1.   If it be conceded that the judge left the court room on January 23rd without making an adjourning order, it does not follow that the term lapsed,—the business of the term at that time not being disposed of.   Adjourning orders from day to day and from time to time are not necessary.   Kirby's Digest, § 1320;

53 Barb. 42; 47 Tex. 90; 4 Ky. 475; 8 Kan. 358; 7 Kan. 386 and cases cited; 6 Lea, 198; 9 Heisk. 489; 30 Ia. 168; 41 So. 995; 64 Pa. St. 454; 99 Ky. 542; 24 N. C. 101.

If the adjourning order of January 23rd be stricken out, still there is an absolute failure, under the evidence in the record, to show that the adjourning order was not made on some other day. And the presumption that it was made is not taken away by the intervention of the circuit court of Scott County. *Ubi supra;* 39 Ark. 448; Kirby's Digest, § 1531; 2 Ark. 231; 11 Ark. 407; 85 Pac. 1043; 13 Ark. 673; 78 N. W. 602; 65 Fed. 433; 115 N. Y. 185; 37 Pac. 1069; 30 Ark. 472; 148 U. S. 245; 68 Fed. 446; 40 Me. 446; 22 Ill. App. 637; 70 Fed. 885; 2 Grat. 594; 40 Kan. 474; 7 So. 784.

See also, on the proposition that the court remained in session, although no adjourning order was made on January 23rd, 12 S. E. 457; 31 Md. 247; 22 S. C. 412; 28 Ind. 458; 81 Ind. 78; 9 Port. (Ala.) 218; 92 M. C. 476; 48 Cal. 85; 22 Fed. 536; 25 N. W. 780; 35 S. W. 279; 2 Head, 582; 1 Bibb, 575; 11 Bush, 238.

2. The ninety days time allowed in which to file the bill of exceptions did not run from the date of the order allowing time, but from the date the term expired. 37 So. 687; 25 So. 573; 78 N. W. 382; 65 N. E. 4. See also 3 Ark. 451; 72 Ark. 264.

*T. B. Pryor,* for appellee.

1. After the ninety days had elapsed which were allowed by the court for filing the bill of exceptions, the court was without authority to extend further time. Compare Kirby's Digest, § 6222, with Rev. Stat. Mo. § 2168; 83 S. W. 539; 119 Mo. 69; 113 Mo. 559; 24 Ind. 347; Wells, Questions of Law and Fact, 640; 3 Enc. Pl. & Pr. 482-3; 3 Cyc. 42-3; 53 Ark. 415; 39 Ark. 558; 42 Ark. 488; 58 Ark. 112. The court had no jurisdiction, after appeal granted, to set aside an order, but only retained jurisdiction to settle the bill of exceptions. 2 Cyc. 966.

2. The court was not legally in session on March 12th. When the time came for opening the term of court in Scott County, the term of court for the Greenwood District of

Sebastian County expired *ipso jure.* 69 Ark. 457; 21 Mo. App. 322; art. 7, § 12, Const.; 20 Ark. 77; 2 Ark. 229.

McCULLOCH, J. Since the consideration of appellee's motion to strike out the bill of exceptions was on a former day postponed, he filed his motion in the circuit court during the regular January term, 1907, asking that the record of an order of the court purporting to have been made on January 23, 1906, adjourning to March 12, 1906, and the record of subsequent orders of the court affecting this cause, be corrected and set aside. The court heard oral evidence upon this motion and granted the prayer thereof, and appellant took an appeal to this court from the order and judgment of the court correcting the record of the former adjourning orders.

The court found from the evidence that there was an adjournment on January 23, 1906, without making any order to that effect and without announcing or fixing any date at which the court would reconvene, and that no such order of adjournment was made or entered until March 12, 1906, when an adjourned session was attempted to be held by the circuit judge. The court declared as a matter of law, upon those facts, that the court was not legally in session on March 12, 1906, or any subsequent day until the next regular term. If that ruling be correct, the court was not legally in session when further time for filing the bill of exceptions in this case was granted, and the order is void. Appellee introduced a number of witnesses, attorneys at law and other officers of the court, whose testimony tended to show that no order of adjournment was ever pronounced by the court. Appellant introduced as a witness the former circuit judge who presided during the entire term of court in question and on the days from which and to which adjournments were had according to the record entries, and he testified, in substance, that he left the bench on January 23 with intention to reconvene the court on a later day, but he did not remember whether or not he made an announcement or whether he had in mind at the time any particular day for reconvening; that it was customary to adjourn over from time to time, and that he usually looked at the calendar and picked out a day on which he intended to reconvene the court, but could not remember whether or not he did so on this occasion.

We must give full force to the finding of the trial judge on disputed questions of fact. The proceeding to have a record corrected, where oral testimony is heard by the court, forms no exception to this rule. If there is substantial evidence in support of the finding of the trial court, we should not disturb it. Of course, the record entry sought to be corrected is presumed to be correct until the contrary is shown, but this is a direct, not a collateral, attack upon it, and it does not import absolute verity. It can be impeached *aliunde* by competent testimony. *Bobo* v. *State*, 40 Ark. 224; *Ward* v. *Magness*, 75 Ark. 12; *Arkadelphia Lumber Co.* v. *Asman*, 79 Ark. 284. The evidence of the witnesses introduced by appellee was sufficient to support the finding of the court that there was no adjournment over to March 12, and the testimony of the judge who presided does not show such an adjournment. The most that his testimony definitely establishes is that he left the bench without ordering an adjournment, and that he intended to leave the court open for the transaction of other business, and did leave it open. But there is no proof at all that there was an adjournment over to the date named; and if we concede that where no adjournment was ordered at all the court stood open from day to day, still the term ended by operation of law when the time for holding court in another county in the circuit intervened. The statute fixes the first Monday in February as the time for holding circuit court in Scott County, a county of the same circuit, and that date intervened between the last sitting of the Sebastian Circuit Court for the Greenwood District on January 23 and the day to which the record entries show it was adjourned.

It is earnestly argued by learned counsel for appellant that by operation of the statutes of this State the circuit court stands open from day to day without an order of adjournment, that an intervening term of court in another county in the circuit does not terminate the session, and that it laps over, so to speak, the intervening term. The following statute is relied on as sustaining that contention: "Every circuit court shall continue in session, at each and every term thereof, until the business therein pending is disposed of, or until it becomes necessary for the judge thereof to adjourn the same in order to reach the court

next to be holden in his circuit." Act April 6, 1869, § 1; Kirby's Digest, § 1320. There is another statute on the subject of adjourned sessions of courts of record, as follows: "Special adjourned sessions of any court may be held in continuation of the regular term upon it being so ordered by the court or judge in term time and entered by the clerk on the record of the court." Rev. Stat. chap. 43, § 28; Kirby's Digest, § 1531.

Now, there is nothing, we think, in these statutes which operates to continue a session of court, without an order of adjournment, beyond an intervening term held in another county. The section first quoted (section 1320) in fact expressly limits the continuance of the term to such time as it shall become necessary for the judge to hold court in another county; but the other section (1531), in contemplation of such an emergency, provides that by an order of court made during term time there may be an adjournment over to any other day, and this authorizes an adjournment to a day beyond a term held in another county. *Galbreath* v. *Mitchell*, 32 Ark. 278. If the contention of counsel be sound, then the statute (section 1531) is entirely superfluous, as the court would stand open any way, and lap over an intervening term in another county. We do not think that view of the law can be sustained. If such be the law, then it would be possible for all the courts in a circuit to stand open at the same time; for when the judge is not holding court in any of the counties of his circuit, all courts in his circuit would, according to this view, stand open and be in session at the will of the judge for the dispatch of business. This view necessarily contemplates that more than one court in the same circuit can be open at the same time, but it is settled that such can not be so. *Parker* v. *Sanders*, 46 Ark. 229; *State* v. *Williams*, 48 Ark. 227; Ex parte *Jones*, 49 Ark. 110; *Streett* v. *Reynolds*, 63 Ark. 1; Ex parte *Williams*, 69 Ark. 457. Counsel argue that, as there was no proof that the intervening term of the Scott Circuit Court was held, we must, in order to sustain the record in this case, indulge the presumption that it was not held, but was allowed to lapse, and that in that event the Sebastian Circuit Court for the Greenwood District continued open ready for business. We might indulge such presumption if the record before us showed that the Greenwood court was in session, and was presided over by the regular judge

at the time fixed by law for opening the court in Scott County, but the record does not show this. It shows that an adjournment was ordered on January 23 over to March 12, and the evidence warrants the conclusion that this record does not speak the truth. We can not indulge presumptions contrary to affirmative recitals of the record. In other words, when the record shows that there was an adjournment on a certain day, and that record is successfully impeached in a direct attack upon it, we can not presume that the same order was made on some other day. We presume that the judge held the court in Scott County at the time fixed by statute. It was his duty to do so, even if he had to bring the session of the court in another county to an end.

It is urged also that the ninety days allowed for filing the bill of exceptions began from the last day of the term, that the court stood open by operation of law until the commencement of the circuit court of Scott County on February 5, and that the filing on May 1 was within the time allowed by the court. The weakness of this contention is in assuming that the number of days allowed began from the last day of the term. The language of the court's order does not warrant the construction that it intended to allow ninety days from the last day of the term. The language of the order is that "the defendant is allowed ninety days in which to prepare and file its bill of exceptions."

The statute regulating the practice in this respect provides that "the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term." Kirby's Digest, § 6222.

Now, conceding, without deciding, that the bill of exceptions may, without an order extending the time, be filed at any time before the court finally adjourns for the term, that does not alter the construction of the language of the court in granting the extension in this case. It is obvious that the court meant to fix a definite time, 90 days, within which the bill of exceptions should be filed, and that the time began on the day the order was made. We do not think it is reasonably open to any other contention.

We do not mean to hold that a court of record, when once lawfully convened, stands open from day to day without an adjourning order being made. It is unnecessary to decide that

question. What we do decide is that, even if such be the law, where there is no order of adjournment of the circuit court in one county over to another day certain, the intervention of a regular term of the court in another county in the same circuit puts an end to the session of the former court, and finally adjourns it until the next regular term.

Since the record has been corrected, it appears that the bill of exceptions was not filed within the time fixed by the court while in session, and that no further extension of time was granted. . The bill of exceptions is improperly in the record, and can not, therefore, be considered. Appellant insists that there is error on the face of the record in that the complaint does not state a cause of action, and is insufficient to authorize the judgment for damages assessed by the jury.

The complaint sets forth the particular work in which plaintiff was engaged at the time he received the injury complained of and describes with great particularity the manner in which he received the injury. It states that plaintiff was employed by defendant in the construction of a coal washer, and that he was at work in obedience to the orders of defendant's foreman. It then proceeded as follows: "That while this plaintiff was engaged at the work assigned him on top of said support or structure, the defendant, through its foreman in charge of said work, ordered one of the guy ropes opposite to where this plaintiff was at work to be detached, knowing that this plaintiff was at work at said place and knowing, or by the exercise of reasonable diligence could have known, that the gin pole would fall if said guy rope was detached, and knowing, or by the exercise of reasonable diligence could have known, that the fall of said gin pole would cause this plaintiff to be knocked off of said support or structure; that the said foreman's attention was called to the fact that if said guy rope was detached the said gin pole would fall; that, notwithstanding his knowledge that said gin pole would fall if said guy rope was detached, he negligently and carelessly without warning this plaintiff, ordered said guy rope to be detached, and thereby caused said gin pole to fall, striking the scaffold upon which this plaintiff was at work, knocking this plaintiff to the ground, a distance of over 20 feet, and crushing and bruising him internally to such an extent that he is per-

manently disabled, to this plaintiff's great damage in the sum of two thousand dollars. That this plaintiff had no knowledge of the dangerous position in which he was placed, and did not know of the order for said guy rope to be detached."

The complaint is defective in that it does not allege that the foreman was a vice principal of the master, and not a fellow servant of the plaintiff; but it should have been met with a motion to require it to be made more definite and certain. Appellant did not question in any manner the sufficiency of the complaint, but, on the other hand, filed its answer denying all allegations of negligence. It treated the complaint as having charged negligence on its (appellant's) part and denied the allegation.

The statement of the complaint that "the defendant, through its foreman in charge of said work," had been guilty of negligence in the particulars named, was equivalent to alleging, in an imperfect way, that the negligent act complained of had been committed by an agent of the defendant for whose negligence it was responsible. It stated, in effect, that it was a negligent act of the defendant done through one of its authorized agents. The statement was defective, it is true, but the defect was waived by the answer. *Choctaw, O. & G. R. Co.* v. *Doughty,* 77 Ark. 1.

It is further urged, however, that, conceding the language of the complaint to be sufficient as an allegation that the former was a vice principal, the acts complained of were those of a servant, and not of a vice principal; that the acts described were not master's duties, but were those of a servant. We do not think so. The detachment of the guy ropes may have been the work of a fellow servant. It probably was. But the duty of giving warning to plaintiff of the danger was that of the master, and the foreman was in the performance of this duty standing in the place of the master, if he in fact occupied the relation of vice principal. *Railway Company* v. *Torrey,* 58 Ark. 217; *Archer-Foster Construction Co.* v. *Vaughan,* 79 Ark. 20.

There is no error on the face of the record, and the judgment must be affirmed. It is so ordered.