CULBERSON COUNTY v. GROVES LUM-
BER CO. (No. 647.)

(Court of Civil Appeals of Texas. El Paso.
Jan. 5, 1917.)

1. MANDAMUS ☞182—PARTIES —MEMBERS OF
COUNTY BOARD.

In mandamus proceedings to compel the
county court to pay a judgment, the individual
members of the court are the ones to be affected
thereby, and no writ can be issued against them
where the proceedings were against the county
as such; the citation being served on the county
judge as in cther suits against the county.

[Ed. Note.—For other cases, see Mandamus,
Cent. Dig. §§ 405–408, 411, 412; Dec. Dig. ☞
182.]

2. MANDAMUS ☞111—FINAL JUDGMENT—DIS-
POSITION OF ISSUES.

In an action by a materialman against a
contractor and a county, where the county de-
nied that it had any funds due the contractor
as alleged in the petition, a judgment against
the contractor and directing the county to pay
the amount thereof out of any funds on hand
belonging to the contractor did not dispose of
the issue as to the amount, if any of .such funds,
and was not final, so that it could be paid in
accordance with Rev. St. 1911, art. 1368, mak-
ing it the duty of the county commissioners'
court to pay such judgment in like manner and
pro rata as other claims of a similar descrip-
tion, and therefore such judgment could not be
enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus,
Cent. Dig. §§ 231, 232, 234; Dec. Dig. ☞111.]

Appeal from District Court, Culberson
County; Dan M. Jackson, Judge.

Mandamus by the Groves Lumber Com-
pany against Culberson County. From an
order granting the writ, defendant appeals.
Reversed, and suit dismissed.

W. W. Bridgers and Moore & Harris, all of
El Paso, and A. L. Green, of Van Horn, for
appellant. Joe Irby, of Van Horn, and J. W.
Parker, of Pecos, for appellee.

WALTHALL, J.  This appeal is taken
from an order of the district court of Cul-
berson county, granting a writ of mandamus
against the county judge and the county com-
missioners, naming them, composing the coun-
ty commissioners' court of Culberson county,
directing them, as commissioners, to pay to
the Groves Lumber Company, out of the
funds of said county then on hand, "what-
ever amount of money may have been due
and was due from said county to E. E.
Churchill on the 7th day of October, 1914, to
the extent of $1,177.62, together with interest
thereon at the rate of 6 per cent. per annum
from the 7th day of October, 1914, such pay-
ment, however, not to exceed the above said
amount," and directing the clerk of said
court to issue said writ commanding the said
county judge and commissioners "to imme-
diately pay to the Groves Lumber Company
the amount of money as directed by the de-
cree herein set out."

The history of the case resulting in the
order for the writ of mandamus, as shown
by the record, is substantially as follows:
On September 19, 1914, the Groves Lumber
Company filed its petition in the district
court of Culberson county, seeking to re-
cover against E. E. Churchill the sum of $1,-
177.62, alleging said sum to be a balance due
it for material furnished Churchill, and
used by him in the construction of the court-
house for said county. The county was made
a party defendant to the suit. The petition
alleged that the county was liable for the in-
debtedness because of its knowledge of the
contract between the plaintiff, Groves Lum-
ber Company, and Churchill, and because of
certain provisions in said contract, to the
effect that the lumber company might pre-
sent for payment to the commissioners' court
its account for material for any amount
that might be due it at any time; that said
account might be paid by the commissioners'
court and charged to the account of Church-
ill on his contract, a copy of which contract
in writing was presented to the commission-
ers' court; that the lumber company pre-
sented to said court an account for the said
amount and requested payment as per the
terms of said contract; that the court then
agreed to pay the account and charge same
to Churchill on Churchill's approval of said
account; that Churchill approved the ac-
count, but payment was refused by the said
court, though the members of the court knew
of the purchase of said material by Church-
ill, at prices stated, and knew at the time
that there was sufficient of the courthouse
funds out of which the work done and ma-
terial stated in the account used in the con-
struction of the courthouse could have been
paid.  In that suit the county answered by
general demurrer and special exception on
the ground that the petition showed no privi-
ty of contract between the lumber company
and the county to pay the account, denied
specifically the matters stated in each para-
graph of the petition, and denied that the
county was indebted in any sum to Churchill.
The case was tried by the court without a
jury, and judgment rendered for the plaintiff,
in part, as follows:

"The court is of the opinion that the said E.
E. Churchill is indebted to the plaintiff in the
full amount sued for in this cause, and the said
Culberson county, by reason of its notice of said
account and plaintiff's contract with defendant,
E. E. Churchill, as set forth in plaintiff's peti-
tion, has become and is liable to the plaintiff to
the extent of funds it may have in its treasury
or in the hands of the county treasurer, or
county depository, at this time, that may be due
said E. E. Churchill, as alleged in plaintiff's
petition, not to exceed, however, the amount
sued for, to wit, $1,177.62. Therefore it is
ordered, adjudged, and decreed by the court that
the plaintiff, Groves Lumber Company, do have
and recover of and from E. E. Churchill in the
sum of $1,177.62, together with 6 per cent. in-
terest per annum from this date, and that plain-
tiff do have and recover of and from Culberson
county any and all moneys due said E. E.
Churchill by it, or held in its treasury, or in the
hands of its treasurer, or county depository, due

the said E. E. Churchill, at that time, if any there be, as per the agreement and contract set forth in plaintiff's petition and credit the account of said E. E. Churchill with the amount of said judgment (if any there be) on this account with the county."

On the 15th day of July, 1915, appellee filed its petition in this cause against E. E. Churchill, Culberson county, and the Van Horn State Bank, reciting its former judgment against said Churchill and Culberson county; that Churchill was still indebted to appellant in the full amount of the judgment, and that appellee was still indebted to Churchill in said amount; that the former judgment was never appealed from and was valid and final; that the county had and continuously has had money in its treasury sufficient to pay the amount of said judgment, but that, notwithstanding said decree, the county has at all times refused and still refuses to pay same; that Churchill is insolvent; that the Van Horn State Bank claims to have acquired some right to said money due from the county to Churchill, and that the county is threatening to pay same to said bank; that, while said judgment is a mandatory decree within itself, the county has ignored same and refused to comply with its terms.

Appellee prayed for a writ of mandamus commanding Culberson county to pay said judgment to appellee. Culberson county, alone, answered. It presented a general demurrer, alleged that it was not informed as to the nature and amount of any indebtedness which Churchill might owe appellant, denied that it has or has had money in its treasury to meet appellant's claim since the rendition of said judgment, denied that the said judgment decrees or orders appellant to pay to appellee any specific amount of money, denied its indebtedness to Churchill in any amount whatever, and repleaded its answer to the appellee's original suit, alleged that the judgment upon which this suit is based is not a final judgment and imposes no duty upon it, as it does not determine the issue as to what amount, if any, it is indebted to Churchill or appellee. The case was tried without a jury.

The record discloses that the judgment rendered in the original suit was the only evidence offered on the trial by either party. At the request of counsel that the court make and file findings of fact, the court filed the following:

"(1) On October 7, 1914, when the suit of Groves Lumber Company against E. E. Churchill and Culberson county was tried, I found from the evidence introduced that E. E. Churchill was indebted to the Groves Lumber Company in the sum of $1,177.62, for materials furnished in the erection of the Culberson county courthouse; the said Churchill being the contractor in charge of said work. The only evidence introduced was evidence tending to show the correctness of said account, and evidence showing that the defendant Culberson County had notice of the terms and conditions of the contract between the Groves Lumber Company and E. E. Churchill.

No testimony was introduced to show what amount, if anything, Culberson county was at that time indebted to E. E. Churchill. Upon these facts, I concluded as a matter of law that the Groves Lumber Company had a just claim against E. E. Churchill for $1,177.62, and that, the defendant Culberson county having notice of said contract between the Groves Lumber Company and E. E. Churchill, said county was liable for whatever amount of money it owed E. E. Churchill, or had in its hands or its treasury belonging to said E. E. Churchill at the time said suit was tried, and thereupon I rendered a judgment as shown by the record in this cause.

"(2) On March 4, 1916, there came on to be heard the petition of the Groves Lumber Company seeking a mandamus to compel Culberson county to pay to said Groves Lumber Company the judgment rendered herein on October 7, 1914. On said hearing, the plaintiff introduced in evidence the judgment rendered in Groves Lumber Company v. E. E. Churchill et al., on October 7, 1914; that said judgment being admitted in evidence over the objection of the defendant Culberson county. No other evidence was introduced by either party.

"I conclude as a matter of law that the judgment rendered by this court on October 7, 1914, in the case of Groves Lumber Company v. E. E. Churchill et al., is a valid, subsisting, and final judgment, and that the plaintiff in mandamus, Groves Lumber Company, is entitled to a writ compelling the defendant Culberson county to pay said judgment according to its tenor and effect."

The court entered up the following order and judgment, and, after reciting the style of the case, proceeded:

"In the district court of Culberson county, Tex., April term, A. D. 1916. Now, on this, the 4th day of April, A. D. 1916, came on to be heard the petition of the Groves Lumber Company, plaintiff in the above entitled and numbered cause, for mandamus against the commissioners' court of Culberson county, state of Texas, in which petition a certain judgment rendered by this court is set out, and in which petition it is prayed that said plaintiff be granted a mandamus against said Culberson county, state of Texas, directed to the commissioners' court of said county, commanding them to satisfy the decree heretofore rendered by this court as aforesaid; said decree being in substance to the effect that said commissioners' court pay out of its funds to the plaintiff, to the extent of the amount of the indebtedness due from said county to one E. E. Churchill at the time said judgment was rendered not to exceed the sum of $1,177.62, with interest thereon at the rate of 6 per cent. per annum from the date of said judgment, said judgment being heretofore entered by this court on October 7, 1914, in the above entitled and numbered cause. And it appearing to the court from an inspection of plaintiffs' said petition, together with the judgment in the above entitled and numbered cause heretofore rendered by this court as aforesaid, that the allegations in said petition for mandamus are all true and correct, and that the said plaintiff is entitled to the writ of mandamus prayed for: It is therefore hereby ordered and decreed that the petition of the plaintiff aforesaid for mandamus against the county aforesaid, be, and the same is hereby granted; and J. C. Hunter, county judge of Culberson county, Tex., and W. D. Garren, R. Durrill, C. M. Tinnin, and W. M. Tatum, commissioners of said county, are hereby directed to pay to the plaintiff in the above entitled and numbered cause, the Groves Lumber Company, a corporation, out of the funds of Culberson county, now on hand, whatever amount of money may have been due and was due from said county to said E. E. Churchill on the 7th day of October, 1914, to the extent of $1,177.62, together with interest thereon at the rate of 6

per cent. per annum from said 7th day of October, A. D. 1914, such payment, however, not to exceed the above said amount."

The clerk was then directed to issue a writ of mandamus to conform to the court's order and make return thereon.

[1] Evidently, the object and purpose of appellee, the Groves Lumber Company, in making its application to the district court of Culberson county for a writ of mandamus, was to compel official action on the part of the commissioners' court of that county to pay the judgment it had theretofore obtained in its suit against Churchill and the county. We think we need not go into a discussion of mandamus as an action or judicial proceeding further than to point out the court, body, and persons on which and on whom the writ in this particular case, when granted, could possibly operate or affect. Appellee, in this, its mandamus action, again sued Culberson county, and brought that county into court by directing service of its citation and having its citation served as in ordinary suits upon the county judge. The order, judgment, or decree of the trial court was against the commissioners' court of that county and against each member of that court, personally naming the county judge and each one of the four commissioners, although no application for mandamus had been sought against the commissioners' court, nor against them personally as members of that court, nor had any one of them been made a party to the action. A failure or refusal by the county judge and the individual members of the commissioners' court to obey the order, judgment, or decree of the district court, when such order, judgment, or decree has been properly made, would bring each in contempt of the court's order, and subject each one personally so failing or refusing to such punishment as the court might see proper to impose and the law permit. The persons on whom the common duty rests to perform the judgment of the court, in an action or proceeding to compel the performance of the duty, most certainly are the ones to be made parties in the action. The writ, when granted, must run singly to the person whose duty it is to perform the act required. In this case, the court in granting the writ directed that it run to the individuals, naming them, as composing the commissioners' court; but the record shows that the suit was against the county, and that not one of the persons against whom the writ of mandamus was directed to run was a party to the action. This was error and renders the judgment in mandamus unenforceable.

[2] Again, the judgment in the original cause, as well as the judgment in this, the mandamus branch of it, does not determine the amount, if any, which the county owed Churchill. There is no principle more definitely settled than a judgment, to be final, should dispose of all the issues. As said by the Supreme Court of this state in Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161, every final judgment should plainly, explicitly, and specifically dispose of every issue in the pleadings. The amount the county owed Churchill was one of the principal issues in the case. The court concluded that the county was liable to plaintiff to the extent of the county funds on hand due Churchill not to exceed $1,177.62, and directed that the county pay to plaintiff all moneys due Churchill by the county at the time of the judgment, if any there be, without determining the amount. Had the judgment been against an individual for which an execution could issue, article 3729, Revised Statutes, requires that the writ "shall correctly describe the judgment, stating the amount" and "shall require the officer to satisfy the judgment out of the property of the debtor." The judgment should be no less specific because against a county, against which execution cannot issue. Article 1368, Revised Statutes, makes it the duty of the county commissioners' court to settle and pay such judgment in like manner and pro rata as other claims of a similar description are settled and paid by said court; but, unless the judgment has determined and states the amount, the court would not know the county's liability on the judgment. The judgment is not final, and for that reason, also, the trial court was in error in granting its writ of mandamus directing its payment.

The judgment of the district court in the mandamus suit is reversed and dismissed.