MAGNOLIA PETROLEUM COMPANY *v.* SAUNDERS.

4-4317

Opinion delivered May 25, 1936.

*Cockrill, Armistead & Rector,* for appellant.

*J. H. Lookadoo, Tom W. Campbell* and *Lyle Brown,* for appellee.

SMITH, J. Appellee recovered judgment in the Clark Circuit Court against the appellant for the sum of $30,-000, and for the reversal of this judgment numerous errors are assigned and discussed in the briefs. One of these was that the court was not legally in session at the

time of the trial, and as we think this assignment is well taken other questions raised are moot.

The suit was filed July 6, 1935. The circuit court convened July 22, 1935, and remained in session until July 31, when there was an adjournment. As to the date to which the court adjourned the presiding judge made the following statement: "The petit jury was excused until the 4th day of November and the court was adjourned. The court ordered that the court would be adjourned until the 4th day of November. * * * The court has never made any order vacating the order which had previously been made adjourning the court until the 4th day of November."

The clerk of the court was also called as a witness. He produced the record of the proceedings of the court which he had made and entered as follows: Opening order made July 22; an order adjourning court until July 23; an order adjourning the court until July 29; an order adjourning court until July 30, and an order adjourning until July 31. An order was entered on the last-mentioned date adjourning court until 9 a. m., August 5, 1935. A session of the court was held on that date and proceedings had which were authorized only at a session of court. The clerk testified that he left the records of August 5 open and entered no adjourning order on that date, but that an adjourned day of court was held on August 21, but that, so far as he knew or as was shown by the records of the court, no adjourning order to August 21 was made. However, the record of the proceedings of August 21 recites that the court met on that date pursuant to adjournment, the regular judge of the court being present and presiding, when the proceedings there recited were had and done. He also testified that he entered no adjourning order at the close of the record of the proceedings on August 21, as he did not know when the judge would return, but that the judge did return on September 11, at which time he entered an order adjourning the court to the last-mentioned date. The record of the proceedings of September 11 recites that the court convened pursuant to adjourn-

ment on that date, with the regular judge present and presiding, when certain judgments were entered in the proceedings of that day. A part of the proceedings entered as of September 11 was an order adjourning court until October 17. The clerk testified that this adjourning order entered in the proceedings of September 11 was not entered as of that date, as he did not know, at the time court adjourned on September 11, when the judge would return, but that he did return on October 17. He then entered an adjourning order as of September 11. The court record was introduced showing that court met on October 17 pursuant to adjournment, with the regular judge present and presiding. No adjourning order was entered in the proceedings of October 17.

The clerk further testified that he "had a little record book," which was the minutes book he kept on his desk while court was in session, but was not the regular permanent record book of the proceedings of the court, in which he noted all court proceedings as they occurred, and on August 5 he entered a notation in the minutes that the court adjourned until November 4. At the close of the proceedings on July 31 he entered in the court records an order adjourning court to November 4, but when the judge appeared and held court on August 5 he changed the adjourning order to show that the court had adjourned—not to November 4, but to August 5.

Upon this testimony of the clerk, and this statement by the presiding judge, the order showing an adjournment to August 5 was changed to read that the court had adjourned, on July 31, to November 4, whereupon, over the objections of the appellant, the trial proceeded to a verdict and the judgment here appealed from.

Sessions of circuit court are of three kinds under the practice in this State: (1) Regular sessions; (2) special or called sessions; (3) adjourned sessions. It is not contemplated that there should be any uncertainty as to when these sessions are to be held. It would be an intolerable condition if litigants, whose rights are to be adjudged, should remain or be in doubt as to when the court will convene before which they are required to appear.

All persons have notices of regular terms of court, for these meet at the time appointed and fixed by law. Special terms of court may be called pursuant to the provisions of §§ 2111-2223, Crawford & Moses' Digest. The statutes cited require the order of a court calling the session to be entered by the clerk on the records of the court, and it has been consistently held, since the early case of *Dunn* v. *State*, 2 Ark. 230, that the failure of the court to enter the order as required by statute invalidated the proceedings of the special term.

There are also adjourned sessions, referred to in § 2112, Crawford & Moses' Digest, as special adjourned sessions. That section reads as follows: "Special adjourned sessions of any court may be held in continuation of the regular term, upon its being so ordered by the court or judge in term time, and entered by the clerk on the record of the court." This statute, brought forward from the Revised Statutes, chap. 43, § 28, was given the following construction in the case of *Davies* v. *State*, 39 Ark. 448: "An adjourning order to a distant day, made by the *court*, is as effectual an entry on the record of an order for an adjourned session, as can be made. There is no new term of the court. It is simply a continuation of the present one."

It was held in the case of *Burks* v. *Cantley*, 191 Ark. 347, 86 S. W. (2d) 34, that an omitted adjourning order may be entered *nunc pro tunc*, provided the day to which the adjournment was taken was not in conflict with the regular terms fixed by law in other counties of said court. So, that the order of the court, entered November 4 *nunc pro tunc*, correcting the adjourning order of July 31, would have saved the adjourned term held on November 4 if there had been no other orders. But there were other orders, and they may not be disregarded as clerical misprisions, for the reason that the records of the court not only recite that the adjourned sessions above mentioned would be held, but the undisputed testimony shows that they were actually held.

In the case of *Roberts & Schaeffer Co.* v. *Jones*, 82 Ark. 188, 101 S. W. 165, the validity of an adjourned term of the circuit court was involved. A record entry

was made subsequent to the regular term showing that the term had been adjourned to a certain future date. It was said that the record entry sought to be corrected, while presumed to be correct, did not import absolute verity when attacked directly, and not collaterally. There is involved here a direct—and not a collateral—attack upon the order of the court correcting the original adjourning order made July 31.

When the facts herein recited are taken into account, it cannot be said that there were no adjourned sessions of court intervening between July 31 and November 4. Now, valid sessions of the court might have been held on each of these intervening days, and then on November 4 also. It would have only been necessary to have adjourned the court during the sessions thereof from one day to the next, as the record shows was done, up to and until October 17, and to have adjourned from October 17 to November 4, provided there were no other courts appointed by law or other orders of court for those days. But there was no adjourning order from October 17 to November 4. Therefore the session beginning November 4 at which the judgment here involved was rendered, was unauthorized, and that judgment is void.

Judges do not have the power to hold sessions of court at their pleasure. If the session is not (a) a regular term or (b) a special or called session, then, to be valid as an adjourned session, it must be a continuation of a regular or special session held pursuant to an adjourning order made in term time of a regular or special session of court. Section 2112, Crawford & Moses' Digest.

In the case of *House* v. *McGehee,* 188 Ark. 277, 65 S. W. (2d) 21, the facts were that the judge of the Perry Circuit Court adjourned the court without fixing a definite date for it to reconvene. He later advised the clerk to enter an order reconvening the court on the day named in his direction to the clerk. Application was made to this court for a writ of prohibition to prevent the adjourned session from being held. The relief prayed was granted. The headnote in that case reads as follows: ''Adjournment of the circuit court subject to

call without specifying a day on which the court will reconvene without interference with the holding of courts in other counties in the same circuit is void, and prohibition will lie to prevent the court from reconvening in pursuance of such a call.''

The case of *Southwest Power Co.* v. *Price*, 180 Ark. 567, 22 S. W. (2d) 373, illustrates the necessity for certainty as to when special sessions of court will be held, apart from the requirements of the statutes in that respect. In the case last cited the facts were that the complaint was filed August 21, 1928, in which service was had August 29, 1928. A term of the court convened on the first Monday in July, which adjourned on July 16, to September 27, when the court adjourned to court in course. Prior to the first Monday in January, which was the first day of the next ensuing regular term of court, to-wit, on December 28, 1928, a petition and bond to remove the cause to the Federal court was filed. In denying the petition to remove attention was called to the provisions of the Judicial Code of the United States, which provides that such a petition may be filed at any time before the defendant in the action is required, by the law of the State or by the rules of the State court, to answer or plead. Attention was also called to the provisions of § 1139, Crawford & Moses' Digest, providing that the time fixed in the summons for the defendant to answer shall be within twenty days after service when the summons is directed within the State. Attention was also called to § 1208, Crawford & Moses' Digest, which provides that ''The defense to any complaint or cross-complaint must be filed before noon of the first day the court meets in regular or adjourned session after service * * * where the summons has been served twenty days in any county in the State.''

It was there held that the defendant having been served with summons for more than twenty days before September 27, the adjourned day, it had not filed the petition to remove in the time required by the Federal Judicial Code. It was there said: ''It can make no difference, so far as the power company is concerned, that the court was in session only one day, or the char-

acter of business transacted, if any, or that it had no actual knowledge that it would meet in adjourned session on said date. It is sufficient that the court was in adjourned session on that day, and the petition and bond for removal were not filed by noon of that day. More than twenty days had expired after service on September 27, and we therefore hold that the petition and bond were filed out of time, and that the circuit court correctly so held.''

There is involved here no question of removal, but the Southwest Power Company case, just cited, announces the rule which must be applied when it is raised. In that case an intervening adjourned day fixed the date with reference to which the petition and bond to remove had to be filed. So, here, August 5, being a day on which an adjourned session of court was actually held, could not be left out of account in determining whether a petition to remove had been filed in apt time.

We think the orderly and certain administration of justice require us to hold that the adjourned session convening November 4 was held without authority, and, if so, the judgment here appealed from is void, and must be reversed, and it will be so ordered. Cause remanded.