DIERKS LUMBER & COAL COMPANY *v.* CUNNINGHAM.

Opinion delivered January 21, 1907.

1. APPEAL—CONTRADICTION OF DECREE.—A recital in a decree appealed from that evidence was heard which does not appear in the transcript can not be contradicted by the clerk's certificate that the transcript contains all the evidence in the case, as the clerk's duty is limited to sending up a duly authenticated transcript of the record. (Page 428.)

2. SAME—PRESUMPTION.—Where a decree appealed from recites that evidence was heard by the court which has not been preserved in the record and copied in the transcript, it will be presumed on appeal that the omitted evidence sustained the decree. (Page 428.)

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Sain & Sain* and *Kirkpatrick & Schwind,* for appellant.

1. When the appellant introduced its deed from the State, a *prima facie* case was made, and it was under no further obligation to prove the truth of the recitals in the deed. Sand. & H. Dig., § 4569; 49 Ark. 275. By this deed it is shown that the land was the property of the State at the time the deed purporting to convey title to the appellee was executed.

Being the property of the State, appellee could not incumber it by making improvements. 57 Ark. 474.

RIDDICK, J. This is an action by W. P. Cunningham to quiet his title to forty acres of land in Howard County upon which he resides and to cancel a deed executed by the Commissioner of State Lands to the Dierks Lumber & Coal Company conveying this land to that company as land which had been forfeited to the State for non-payment of taxes.

The evidence showed that the plaintiff Cunningham had been in the actual possession of this land for over seven years.

paying taxes on it continuously, claiming it as his own under color of title openly and adversely, and that he was entitled to the relief prayed for if the tax forfeiture on which the deed of the Land Commissioner to defendant was based was invalid.

Now, the chancery court found that the land was sold for $1.02 in excess of the legal taxes, penalty and costs, and that for that reason the sale was void. Counsel for appellant contend that there is no evidence whatever in the record here to support this finding, and that is true. We find nothing in the transcript bearing on the validity or invalidity of this tax title under which defendant claims, but the decree of the chancery court recites that the cause was submitted to that court and heard on the complaint, answer thereto, depositions, etc., "and the tax for the year of 1884 and the record of delinquent lands sold by the collector of Howard County for taxes for the year 1884 on part of plaintiff and the tax deed of the defendant," from which the court found that the forfeiture and sale were void as before stated.

The recitals in the decree therefore show that there was evidence before the chancery court that has not been preserved in the record and copied in the transcript. It is true that the clerk has certified that the transcript is a true, perfect and complete transcript of all the papers, pleadings, exhibits, record entries and evidence in the case, but under our statute the clerk is not required to certify to the fact that the transcript contains all the evidence in the case. His duty is to send up a duly authenticated transcript of the record. Kirby's Digest, § § 1194, 1195. He may have done that in this case, but it does not follow that the recitals in the decree that other evidence was heard by the court is false, for the parties may have failed to make this evidence a part of the record by filing it or by obtaining a proper order of the court to that effect. As the recitals of the decree show that other evidence was heard by the court which has not been preserved in the record and copied in the transcript, the presumption must be that such evidence sustains the judgment. *Carpenter* v. *Ellenbrook*, 58 Ark. 134; *Hershy* v. *Baer*, 45 Ark. 240. For these reasons the judgment is affirmed.