BARRINGER *v.* BRATCHER.

Opinion delivered April 26, 1909.

APPEAL AND ERROR—PRESUMPTION WHERE EVIDENCE IS NOT BROUGHT UP.—
Where the record on appeal in a chancery cause shows that oral evidence was heard at the trial, and such evidence is not brought into

the record by bill of exceptions or otherwise, and there is nothing on the face of the record to show that the court erred, it will be presumed that the decree is correct.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This suit was begun in the circuit court, the appellee alleging in his complaint that he was the owner of the lot in controversy by virtue of a deed from the Commissioner of State Lands, executed June 22, 1907, and that the lands were forfeited for the non-payment of the taxes for the year 1904. He alleges that appellants were in the unlawful possession of the lot, prays that he may have possession, etc., and exhibits his deed with the complaint.

The appellants answered, denying appellee's title, alleging that the lands were wrongfully and through the fraudulent connivance of appellee returned as delinquent, setting up title through a deed from one W. H. Tobin and possession thereunder. The answer was made a cross complaint, and alleged for matters of cross complaint the following:

"That on the ...... day of May, 1905, and within the time in which said taxes upon said property could be paid for the year of 1904, the defendant, Edna E. Barringer, went to the office of the collector for Polk County, Arkansas, and there in said office exhibited to said collector a description of said property and tendered and offered to pay the taxes thereon, but that she was informed that said taxes had been paid.

"4.   That in the year of 1906 the defendants were residing at Heavener, I. T., and that prior to the first day of June, of said year, the defendant T. O. Barrington mailed from said point to the collector of taxes at Mena, Polk County, Arkansas, an express money order for the sum of four dollars and fifty cents ($4.50) to pay the taxes for 1905 on said lot. That said letter was not returned to him nor was any credit given him for said amount by said collector.

"5.   That on the 6th day of June; 1907, he paid to the collector the sum of $4.12, on which a penalty of 30c was charged and collected of him as will appear by the receipt hereto attached

and marked 'Exhibit B' and by the payment of said taxes and penalty defendant believed that said lot was clear, and that nothing further as taxes was required.

"6.  Defendants are informed and believe that the plaintiff was acting with and for the collector of taxes for Polk County, Arkansas, at the time the defendant, Edna E. Barringer, offered to pay the taxes for the year of 1904 as above set forth, and charges the truth to be that he either himself fraudulently concealed the truth, or was instrumental in having a misrepresentation of the condition of said lot as to the payment of the taxes thereon made to her.

"7.  That at the date said lands were bid in for the State, and prior thereto, the said plaintiff was a deputy collector for said county, and well knew of the efforts that said defendants had made to pay said taxes for the year of 1904, and two years next thereafter.

"8.  Defendants aver that said lands were advertised in the name of W. H. Tobin, and without a proper or sufficient description thereof, as will appear by a copy of said advertisement hereto attached marked as 'Exhibit C.'

"The defendants bring into court and offer to pay all taxes, penalty and costs due or taxed against said lot together with the lawful interest thereon.

"Wherefore, defendants pray that for the reasons herein set forth they be allowed to redeem said lot, that the deed to the plaintiff from the Land Commissioner be cancelled as a cloud upon their title, and for other and further relief."

Appellants made their deed from Tobin an exhibit to their cross complaint.  They also exhibited a tax receipt for the year 1902, showing that T. O. Barringer had paid the taxes on the lot in controversy for that year.  The appellee answered the cross complaint as follows:

"That he does not know whether it is true, as alleged by defendant T. O. Barringer, that he sent $4.50 to the collector of Polk County to pay the taxes for the year of 1905 on the lot in question.  Neither does he know whether said lot was returned to the said Barringer, but this plaintiff says that, since allegations were made by the defendant, he has inspected the matter to some extent, and is informed that the $4.50 actually covered

the personal taxes of the defendant, and, if sent by them as alleged, was applied to the payment of same.

"2. This plaintiff denies that he was acting with and for the collector of Polk County in either 1904, 1905 or at any other time, and denies that he was deputy collector, or that he had anything to do whatever with the collection of taxes for the years of 1904 or 1905, and denies the fact that he concealed the fact that said lot has been sold for taxes from the defendant, or that any person in the capacity of tax collector concealed the same from said defendants, but alleges that the sale was open, notorious, and matter of record.

"3. Plaintiff denies, as alleged by defendants, that the advertisement for the sale of said lot as delinquent at said tax sale was insufficient in the description of said lot, or that the sale, or any of the proceedings relating thereto, was in any manner improperly conducted.

"Wherefore he prays that his reply thereto be accepted and for judgment."

The cause on motion of appellants was by consent transferred to the chancery court. The decree recites among other things the following: "That the cause was set for trial on this the 29th day of November, 1907, to be heard upon oral evidence, and, both parties appearing and announcing ready for trial; the said defendants filed their substituted answer and cross bill, to which the plaintiff filed his reply, and, the issues being made up, the court proceeded to try and determine said cause, and, it appearing to the court from the evidence introduced on the part of the plaintiff that he claims to be the owner of the above-described lands because of a deed held by him from the State Land Commissioner dated June 22d, 1907, and that the said lot was forfeited as shown by said deed to the State of Arkansas for the nonpayment of taxes for the year 1904, and it appearing to the court that the said deed is in all respects regular, and that the expiration of the right of redemption had expired at the time the said Land Commissioner executed said deed to the plaintiff June 22d, 1907; it further appearing to the court that the defendants, Edna E. Barringer and T. O. Barringer, claim said land under a deed executed to them on March 14, 1903, for which said land or lot was forfeited

to the State for the nonpayment of taxes, and it further appearing that since the date of the deed from Tobin to the defendants they paid the taxes in the year of 1907 for the year of 1906, and it further appearing from the oral evidence introduced in this cause and from the records presented in evidence that the said forfeiture of said lot to the State for the nonpayment of taxes in 1905 for the year 1904 was in all things regular so far as the court has been able to determine from the pleadings and the evidence introduced herein, and it therefore appears that the plaintiff has a paramount and superior title to that of the defendants and is entitled to recover said lot against defendants. It is therefore the judgment and decree of this court that the plaintiff have and recover possession of the east half of lot 2 in block 5, Eureka Addition to the city of Mena, Polk County, Arkansas, from the defendants, Edna E. and T. O. Barringer, and all the costs of this suit. The defendants except to the judgment and decree of the court herein, and pray an appeal to the Supreme Court of this State, which is granted, and sixty days is given the defendants in which to prepare and file their bill of exceptions."

*Pole McPhetrige,* for appellant.

WOOD, J., (after stating the facts). The recitals of the decree show that the cause was heard upon oral evidence, and that "sixty days were given the defendants in which to prepare and file their bill of exceptions." We find no bill of exceptions in the record, and nothing in the record proper to show that the decree of the court was erroneous. Where the record shows that the cause in chancery was heard upon oral evidence, and such evidence is not brought into the record by bill of exceptions or otherwise, and there is nothing on the face of the record itself to show that the court erred, it will be presumed that the decree is correct. *Murphy* v. *Citizens' Bank of Junction City,* 84 Ark. 100.

Decree affirmed.