## DIGGS v. DIGGS.

### Opinion delivered June 13, 1910.

1. APPEAL AND ERROR—PRESUMPTION AGAINST ERROR.—Where the record on appeal in a chancery case shows that the cause was heard upon oral evidence, and such evidence is not brought into the record by bill of exceptions or otherwise, and there is nothing on the face of the record to show that the court erred, it will be presumed that the decree is correct. (Page 380.)

2. SAME—PRESUMPTION.—Where the appellant seeks to reverse a decree of the chancery court upon the ground that it is clearly against the preponderance of the evidence, and fails to set out the evidence in his abstract, the presumption will be indulged that the findings of the chancellor are correct. (Page 380.)

Appeal from Clay Chancery Court, Eastern District; *Edward D. Robertson,* Judge; affirmed.

*J. H. Hill,* for appellant.

Desertion is cause for divorce in Tennessee. The same is true in Arkansas. Kirby's Dig., § 2672; 34 Ark. 37; 65 Ark. 87; 90 Ark. 16; 66 Ark. 601.

FRAUENTHAL, J. This was an action instituted by the appellant for divorce. Upon the hearing of the cause the chancery court dismissed the action. The decree recites that the cause was heard upon the depositions of certain witnesses and also upon oral testimony. The oral testimony heard by the chancery court at the trial of the case has not been preserved, and has not been brought into the record by bill of exceptions or otherwise. The appellant has not set out in his abstract the evidence of any of these witnesses or any part thereof. He has simply stated that the depositions of certain named witnesses will be found on certain named pages of the transcript.

The sole ground upon which the appellant relies for a reversal of the decree is that the finding of the chancellor is against the decided preponderance of the evidence. But we are wholly unable to determine whether or not the chancellor's findings of fact are correct because the oral testimony heard by him has not been properly preserved and brought into the record. "Where the record shows that the cause in chancery was heard upon oral evidence, and such evidence is not brought into the record by bill of exceptions or otherwise, and there is nothing on the face of the record to show that the court erred, it will be presumed that the decree is correct." *Barringer* v. *Bratcher,* 90 Ark. 214; *Murphy* v. *Citizens' Bank,* 84 Ark. 100.

And where the appellant seeks to reverse the decree of the chancery court upon the ground that it is clearly against the preponderance of the evidence, and fails to set out the evidence in his abstract, we shall indulge the presumption that the findings of the chancellor are correct, and accordingly affirm the decree. *Nunn* v. *Lynch,* 89 Ark. 41; *Jett* v. *Crittenden,* 89 Ark. 349; *Eddy Hotel Co.* v. *Ford,* 90 Ark. 393.

The decree is affirmed.