FRAZIER *v.* FRAZIER.

Opinion delivered November 4, 1918.

1. JUDICIAL SALES — CONFIRMATION IN VACATION. — In a suit for partition, the land in question is not "property in the custody of the court," within the meaning of Acts 1913, p. 319, § 2, providing that the chancellor may confirm sales of such property in vacation.

2. INFANTS—STIPULATION BY GUARDIAN OR ATTORNEY.—In a suit for partition neither a guardian nor his attorney can bind minors by waiving notice of the presentation of the cause to the court in vacation to confirm a sale of the property, under Acts 1913, p. 319, § 2.

3. PARTITION—AMICABLE PROCEEDING—ADVERSE INTEREST.—An amicable suit for partition becomes adverse, so far as confirmation of a sale is concerned, where the property is bid in by one of the parties, so that attorney cannot, as representing all of the parties, waive, for parties to the suit other than the bidder, notice of presentation to the court of the report of sale for confirmation.

4. PARTITION—CONFIRMATION.—Where a proceeding to partition property in which minors have an interest becomes adversary in character by purchase by an adult party at the partition sale, the court cannot confirm the sale upon merely reading the report of sale, but only after the facts as to adequacy of consideration have been proved to the court and the court has determined whether the interests of the minors have been prejudiced by a sale at the price named in the report of sale.

5. APPEAL AND ERROR—PRESUMPTION—MATTERS NOT APPEARING OF RECORD.—The presumption that the finding of a chancellor is supported by the evidence where oral testimony is not preserved does not apply on appeal from a ruling that is clearly erroneous, no matter what the testimony might have been.

6. PARTITION—EXCEPTIONS TO REPORT OF SALE—CONFIRMATION.—A court in a partition proceeding could not properly hear exceptions to a report of sale which had already been confirmed, without setting aside the order of confirmation.

Appeal from Arkansas Chancery Court, Northern District; *Jno. M. Elliott,* Chancellor; reversed.

*Pettit, Manning & Pettit,* for appellants.

1.   The report of commissioners is insufficient to justify the chancellor in ordering sale. 49 Ark. 104; 77 *Id.* 317; 55 *Id.* 205; 81 *Id.* 462.

2.   The commissioners were not proper persons; *residents* of the county. Kirby's Digest § § 5778-9; Kirby & Castle's Dig. § § 7219, 7220; 90 Ark. 502-3; 49 *Id.* 109.

3.   The price was inadequate. 58 Ark. 401; 117 U. S. 180; 58 Ark. Law Rep. 407.

4.   It was error to overrule the motion to consolidate. When a purchaser takes title to his child it is pre-

sumed to be an advancement. 40 Ark. 62; 97 *Id.* 568; 1 Crawford's Dig. 56. The report of sale was made in vacation. There was no waiver of notice and the chancellor approved the sale in vacation. Appellants should have been afforded an opportunity to be heard. The interests of the minors were lost sight of and the approval was without their knowledge and against their wishes and interests. There was error in the partition and in allotting dower.

, The sale should be set aside. The appellee is not entitled to any part of the lands in controversy and the sale was erroneously made. Act May 11, 1905, p. 798. The minor children were not made parties nor properly represented by guardian.

*Botts & O'Daniel,* for appellee.

1. This suit was instituted by all parties in interest. The minors appeared by guardian. The petition was regular and the decree full and complete and there were no objections nor exceptions. The decree is final and no appeal was taken. The commissioner's report is full and explicit and the order confirming it properly made. The law has been complied with. The cases cited by appellant do not apply. 49 Ark. 104 and 77 *Id.* 317 sustain the position of appellee.

2. The commissioners were residents of the county and their acts according to law.

3. The price was not inadequate.

4. A complete record has not been brought up. 63 Ark. 513; 64 *Id.* 609; 94 *Id.* 58; 76 *Id.* 217; 100 *Id.* 589. The decree was warranted by the evidence. 92 *Id.* 622.

5. No ground for reversal is shown. No errors are pointed out.

STATEMENT OF FACTS.

This was a suit in equity for the partition of certain lands belonging to the estate of G. W. Frazier, deceased, brought by Lucy Frazier, Jessie Reeves, Silas Frazier and Lucy Frazier as guardian and mother of Rose Frazier, Esther Frazier, Etta Frazier, Claudie Frazier and

Henry Frazier, minors. Lucy Frazier was the widow of G. W. Frazier, deceased, and Jessie Reeves and Silas Frazier were their adult children and the remaining complainants were their minor children. The lands sought to be partitioned comprised 335.76 acres. The homestead consisted of 157.34 acres and this was set apart to the widow and minor children. The respective interests of the parties were determined by the court and commissioners were appointed to allot dower to the widow, and to make partition between the other complainants according to their respective interests. The commissioners filed their report on April 30, 1917. They stated that they had carefully considered the matter for several weeks and had allotted dower to Mrs. Lucy Frazier, the widow. They reported that there then remained 136.26 acres to be divided among the heirs and that division could not be made without great injustice to the owners; that the lands lay in such shape and in such tracts that they could not be equally divided in kind. On the same day the court approved the report of the commissioners and ordered the lands to be sold for the purpose of partition and appointed the clerk of the court as commissioner to make the sale. The lands were offered for sale at public auction and Silas Frazier having bid therefor the sum of $1,750, the lands were struck off to him and the commissioner prepared his report of sale stating therein that he had sold the lands at public auction after duly advertising them pursuant to the decree and that the lands had been sold to Silas Frazier for the sum of $1,750, that being the highest and best bid received. On the 8th day of September the attorneys for the petitioners filed in the office of the clerk of the court the following:

"Waiver of notice for confirmation of sale.

"We hereby waive notice of the presentation of this cause to the court in vacation for the purpose of confirmation of the sale of said lands heretofore had under the order of the court to Silas Frazier."

The sale had been made by the commissioner on the 5th day of September, 1917. The report of the commis-

sioner was approved by the chancellor in vacation on September 11, 1917, and the respective amounts found due the minors were ordered paid to Mrs. Lucy Frazier, their guardian. On October 1, 1917, the chancery court convened and the widow and minor heirs of G. W. Frazier, deceased, filed a motion to set aside the order of the chancellor in vacation confirming the report of the commissioner in making the sale for the purpose of partition. In the motion they state that the parties had agreed that there should be a partition in kind of the lands at the time the suit for partition was brought and that they did not know that the court had made an order directing that there should be a sale of the lands for the purpose of partition and that their brother, Silas Frazier, had become the purchaser of the lands at such sale. They alleged that the lands were worth between forty-five hundred and five thousand dollars and that the sum of $1,750 was a grossly inadequate price therefor. They also stated that the clerk had informed them that the matter of the confirmation of the report of sale would not be taken up in vacation, but would be presented to the court in term time in October, 1917; that the matter was taken up without their knowledge and consent and that they desired to file exceptions to the report. An affidavit of a citizen and resident of the county was filed which showed that the lands sold were worth $4,600. The court overruled the plaintiff's motion to set aside the confirmation of sale and also entered an order overruling the exceptions. A *nunc pro tunc* decree was entered which shows that the motions and exceptions were heard on the oral testimony of Q. D. LaFargue and E. B. Stokes. At the same time the court approved the deed of the commissioner and issued a writ of assistance to place Silas Frazier in possession of the lands. The case is here on appeal.

HART, J., (after stating the facts). The principal issue raised by the appeal is as to whether or not the

court erred in refusing to set aside the order confirming the sale of the lands to Silas Frazier. The Legislature of 1913 passed an Act to regulate the practice in chancery courts. Acts of 1913, p. 318. The first section provides, in effect, that the chancellor may deliver opinions and sign decrees in vacation in causes taken under advisement by him at a term of the court; and, by consent of parties, or of their solicitors of record, he may try causes and deliver opinions and make and sign decrees therein in vacation.

The second section provides that the chancellor may make orders for the sale of property in the custody of the court, and may confirm such sales in vacation, but in case of a sale in vacation the same shall not be confirmed until all parties have reasonable notice and an opportunity to be present and resist the confirmation.

The attorneys in the case attempted to make a waiver of notice of the confirmation of the sale in the following language:

"We hereby waive notice of the presentation of this cause to the court in vacation for the purpose of confirmation of the sale of said lands heretofore had under the order of the court to Silas Frazier."

It is apparent from the language used by the attorneys that they did not attempt to consent to the court making and signing a decree in vacation under Section 1. They do not profess to consent for the parties that the court should try the matter of confirmation in vacation but evidently attempted to waive the notice required under Section 2 of the Act. Hence it is not necessary to determine whether or not attorneys for minors may consent to the trial of the cause for the minors under Section 1 of the Act. The waiver of the notice pursuant to Section 2 of the Act did not have the effect to give the chancellor jurisdiction to confirm the sale in vacation for the lands which were sought to be partitioned were not property in the custody of the court within the meaning of Section 2 of the Act.

(1-4)  Moreover, we are of the opinion that the court erred in not setting aside the order of confirmation for the reasons which affected the substantial rights of the minors. Neither the guardian nor the guardians's attorney can make any admissions to the prejudice of the ward. *McCloy & Trotter* v. *Arnett,* 47 Ark. 445. This is in accord with the general rule that a guardian *ad litem* has no power to join in an agreed statement of facts on which an action to which an infant is a party is to be submitted for decision. *Greene* v. *Mabey,* (R. I.) Ann. Cas. 1915-A, p. 1290, and note. In *Rankin* v. *Schofield,* 70 Ark. 83, the court held that, in the absence of authority given by statute, the guardian cannot agree to any compromise or family settlement by which the property interests of his ward are affected, without the concurring sanction of the court to which he must look for authority to bind his ward. This is in application of the well known rule that a guardian has no power to bind the infant by any admission of fact. So it may be said to be the settled rule in this State and elsewhere that a next friend or guardian *ad litem* cannot by admission or stipulation surrender the rights of the infant. It is the duty of the court to protect the interests of the infants, and see to it that their rights are not bargained away by those who represent them. Of course this does not prevent them from assenting to such arrangements as are formal merely and which are only done to facilitate the decision of the case. But they cannot make an agreement as to the hearing which affects the substantial rights of the infant. Such a right has been defined as follows:

"A substantial right is something to which, upon proved or conceded facts, a party may lay claim as matter of law, which a court may not legally refuse, and to which it can be seen that the party is entitled within well-settled rules of law." See *Howell* v. *Mills et al.,* 53 N. Y. 322.

(5)  It is true that the infants had the right to join with the adult heirs in bringing suit for the partition of the lands which had descended to them from their deceased

father and that such a suit was an amicable proceeding. Therefore the parties had the right to employ the same attorney. It is also true that Silas Frazier, the adult heir, had the right to purchase at the sale. But when he purchased the lands at the sale his interest became adverse to that of the other heirs. As far as the confirmation of the sale was concerned his interests were antagonistic to that of the other heirs and the suit changed from an amicable one to an adversary proceeding. In *Valley Oil Co.* v. *Ready,* 131 Ark. 531, we recognized that proceedings of an amicable character, where the interests of the parties conflicted, might be changed to proceedings of an adversary character. The minors were advised that the lands had been sold for a grossly inadequate price and the matter of the confirmation of the report of sale was one of vital interest to them and necessarily affected their substantial rights. The action of the attorneys in attempting to waive notice of the presentation of the report to the court for confirmation, even if made in term time, would have been equivalent to an agreement that the court might pass upon the matter upon merely reading the report. The report of sale was only evidence of the regularity of the proceedings of the commissioner in making the sale and that it was made conformable to the order of the court and that Silas Frazier became the purchaser for a stated amount of money. It shed no light whatever on the question of whether the lands were sold for a grossly inadequate consideration. It may be that the attorneys thought the lands had been sold for an adequate consideration and that their only object was to speed up the determination of the cause; but no matter what their intention was, the effect of their action was to agree that the court might hear the proceedings for the confirmation of the sale upon the report of the commissioner merely. This they had no right to do. The facts should have been proved to the court and the court, on an examination of them, must determine for itself what the interests of the infant demanded. *Claxton* v. *Claxton*

(Mich), 23 N. W. 310. In that case the court held that where partition cannot be made without a sale, and it appears that the interests of a minor tenant in common, whose guardian prays such partition is opposed to such sale, a court of equity should refuse to decree partition. The matter of confirmation of the sale just as much affects the substantial rights of the infant as does the original decree for partition. We are of the opinion that under the circumstances of this case the attorneys had no right to submit the question of confirmation of the report of sale to the court merely upon the report itself; but that the facts should have been proved to the court and the court itself should have determined whether or not the interests of the minors had been prejudiced by selling the land to one of the heirs at the price named in the report of sale.

The *nunc pro tunc* decree recites that the motion to set aside the confirmation of sale was heard upon the oral testimony of two witnesses and there is no bill of exceptions in the record containing their testimony. Hence counsel invoke the rule that where a record in chancery shows that the case was determined upon oral as well as written testimony, the presumption, where the oral testimony is not preserved, is that the finding of the chancellor is supported by the evidence. A bill of exceptions containing the oral testimony of these witnesses could not have helped the case, no matter what these witnesses might have testified to. It follows from what we have said that the order of the chancery court in confirming the sale was illegal. Hence no bill of exceptions was necessary to present the issue on appeal.

Again it is insisted that the *nunc pro tunc* decree shows that the court did hear the exceptions of the minors when the court met on October 1, 1917, and refused to allow them and that the presumption is the decree was correct because the testimony, on which the exceptions were heard, is not preserved in the record. This is inconsistent with the remainder of the decree. The principal action was the motion to set aside the order

of confirmation and the exceptions were presented with it in order to show merit in the motion. When the court refused to set aside the order confirming the sale in vacation that necessarily ended the matter. There was nothing else before the court. The court could not properly hear exceptions to a report of sale which had already been confirmed without setting aside the order of confirmation. The question of whether or not the court should have set aside the sale did not depend upon the testimony of the witnesses or their credibility. The action of the court in determining the question of confirmation of the sale solely upon the report of sale after one of the adult heirs had purchased the property at the sale and the proceedings had thus become adversary in character was illegal and no oral testimony of any kind or character could cure the defect.

The cause will be remanded with directions to the chancellor to set aside the order confirming the sale and for further proceedings according to law and not inconsistent with this opinion.

SMITH, J., concurs.

McCULLOCH, C. J., (dissenting). The majority of the court has, I think, placed a very narrow construction on the stipulation of counsel as to the vacation decree confirming the sale to appellee. It is true that the phraseology of the stipulation shows that the framer had in mind Section 2 of the Act of 1913, p. 318, providing for confirmations in vacation of sales of property in custody of the court, rather than Section 1, which provides that a chancellor may "by consent of parties, or of their solicitors of record, * * * try causes and deliver opinions, and make and sign decrees therein in vacation." But the stipulation, though written as a waiver of notice, necessarily constituted in substance a consent that the court should hear the matter in vacation, and the fact that the attorney who wrote the stipulation had an erroneous conception of the meaning of the two sections of the statute and intended to waive notice un-

der Section 2 did not lessen its binding effect as an expression of consent of the parties under Section 1 of the statute for the hearing of the cause by the chancellor in vacation. In waiving notice "of the presentation of this cause to the court in vacation for the purpose of confirmation of the sale" the parties assented to a hearing in vacation, and that is all that the statute requires.

I entertain no doubt that the statute applies to causes in which infants and others not *sui juris* are parties. It reads that the parties "or their solicitors of record" may consent to hearings in vacation and there is little or no reason to believe that the framers of the statute meant to make it applicable only to causes in which all of the parties are persons *sui juris*. The manifest purpose of the lawmakers was to expedite the business of the chancery courts and to allow the chancellor to hear and decide causes in vacation when all parties are ready and willing. It is difficult to see how it is less important to infant litigants than to others that the privilege should by law be extended to them that their causes be heard in vacation when their solicitors deem it advisable and consent to it. The language of the statute does not exclude infants from its operation and I see no reason why the court should read such a limitation into it.

Again the majority are in error, I think, in holding that the waiver of notice of the presentation of the cause to the chancellor for confirmation of the sale was tantamount to an agreement for the matter to be heard on the report alone. Nothing was said in the stipulation about what the chancellor should consider at the hearing, but it merely related to a hearing in vacation. Either side of the controversy, if indeed there was a controversy at that time, was at liberty to introduce proof attacking or defending the regularity and integrity of the sale as reported by the commissioner. Certainly there is nothing in the language of the stipulation which precluded the parties from pursuing any course

they desired at the trial with reference to an attack on the sale to prevent confirmation.

Now, the opinion of the majority holds that where one of the parties to the record in a partition suit becomes the purchaser of the lands involved at the commissioner's sale, and one or more of the other parties to the record is an infant, the court cannot confirm the sale merely on the report of the commissioner, but must hear testimony; otherwise the confirmation is void and open to collateral attack. I suppose that there can be found no distinction between a sale for partition and any other kind of chancery sale where infants are parties in interest, and the effect of the decision of the majority is to hold that in all instances of sales under decree, where one of the parties purchases at the sale, and the rights of infants are involved, the court must hear testimony *de hors* the report of the commissioner in support of the sale, otherwise the order of confirmation is void. I dissent very emphatically from that view of the law. Our statutes do not require any such precaution and there appears no rule of practice in courts of equity in the exercise of their original jurisdiction requiring it. The court has jurisdiction of the subject matter, and when the proper parties in interest have been joined in the suit, with those under disability of infancy properly represented, it does not constitute even an irregularity or error, in my opinion, for the court to confirm a sale on the face of the report of the commissioner without hearing other evidence. Surely it ought not to be held on collateral attack that such an order of confirmation is void. Infant parties to a suit are as much bound by the judgment of the court as adults when they are properly brought into court and represented as required by statute, and a mere failure to introduce additional proof should not, in the absence of fraud or collusion, avoid the judgment.

The record in the case shows that the chancellor heard the matter on the report, which was verified by the affidavit of the commissioner, and found that the sale was in

all respects fair and regular. There were no admissions of the parties considered by the chancellor, for it does not appear that any admissions were made.

Subsequently, when the chancery court convened in regular session, the infant appellants appeared by counsel and presented a motion to set aside the confirmation rendered by the chancellor in vacation, and also presented exceptions to the commissioner's report of sale, and introduced testimony in support of same. This was a collateral attack on the former order. The record recites that oral testimony was heard by the court, but as it has not been brought into the record by any appropriate method, we must indulge the presumption that the decision of the chancery court in refusing to set aside the former order of confirmation and sustain the exceptions to the report of the commissioner was supported by the evidence.