Moore *v.* Moore.

Opinion delivered June 14, 1926.

1. APPEAL AND ERROR—MATTERS NOT SHOWN BY RECORD—PRESUMPTION.—Where a decree of divorce recited that evidence not incorporated in the transcript was heard, and found that defendant had due notice, the Supreme Court will presume that the trial court found from evidence not incorporated in the record that summons was properly served, though the sheriff's return did not show proper service.

2. APPEAL AND ERROR—CONFLICT BETWEEN DECREE AND CLERK'S CERTIFICATE.—Where there is a conflict between the recitals of the decree and the certificate of the clerk to the transcript, the recitals of the decree must prevail.

3. APPEAL AND ERROR—MATTERS NOT SHOWN BY RECORD—PRESUMPTION.—Where a decree of divorce recited that other evidence than

that contained in the transcript was heard by the court, the Supreme Court will presume that such other evidence was sufficient to support the decree.

Appeal from Calhoun Chancery Court; *J. Y. Stevens,* Chancellor; affirmed.

*C. L. Poole,* for appellant.

*John Baxter* and *J. S. McKnight,* for appellee.

HUMPHREYS, J. Appellee brought a suit for divorce against appellant in the chancery court of Calhoun County, alleging as a ground therefor that she offered him such indignities as to render his life with her miserable and his condition intolerable. She did not appear in person or by attorney in the trial of the cause, and he obtained the following decree:

"Now on this 17th day of February, 1925, a regular day of the February term of the Calhoun Chancery Court, this cause having been regularly reached on the docket and the plaintiff, J. H. Moore, appearing in person and by his attorney of record, J. S. McKnight, and the defendant, having been called three times at the bar of the court, failed to plead in any manner, but made default, and the court, after hearing the depositions of the plaintiff, Floyd Newton, Lovisa Kitchens and other evidence, and being well and sufficiently advised in the premises, finds that the defendant had due and legal notice of the pendency of this suit for the time and in the manner required by law, and that the allegations of the plaintiff's complaint, alleging indignities to the plaintiff, have been fully proved, and that he is entitled to a divorce. It is therefore considered, ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between the plaintiff and defendant be canceled, set aside, and held for naught, and that the plaintiff be restored to his rights as a single man."

Subsequent to the rendition of the decree an appeal was prayed and granted out of this court. A reversal of the decree is sought upon two grounds: first, that there

was not sufficient service upon her; and second, that the evidence was insufficient to support a decree dissolving the bonds of matrimony between the parties.

(1). The contention is made that the service was fatally defective because the return of the sheriff failed to show that a copy of the summons was left at appellant's usual place of abode with some member of the family over fifteen years of age, as provided in § 1144 of Crawford & Moses' Digest. The return of the sheriff is as follows:

"SHERIFF'S RETURN.

"State of Arkansas, County of..................................

"On the 22d day of January, 1925, I have duly served the within writ by delivering a copy, and stating the substance thereof, to the within named, by leaving a copy of same with Mrs. Moore's daughter, with whom she lived, as I am herein commanded.

"I. C. ABBOTT, Sheriff."

Although the return on its face is deficient, the decree recites that other testimony than that contained in the transcript was heard, and "that the defendant (appellant) had due and legal notice of the pendency of the suit for the time and in the manner required by law." Under a well established rule of this court, we follow the recitals in the decree when there is a conflict between the recitals therein and the certificate of the clerk to the transcript. *Dierks Lbr. & Coal Co.* v. *Cunningham*, 81 Ark. 427; *Toll* v. *Toll*, 156 Ark. 135. According to the certificate of the clerk, no evidence was introduced to supply the defect in the return, but the recitals of the decree show that the court made its findings from evidence introduced and not incorporated in the transcript. Under the rule aforesaid we must presume that the evidence showed that the summons was served upon appellant by leaving a copy thereof at her usual place of abode with a member of her family over fifteen years of age, and that the court treated the return as amended to conform to the proof as a basis for its finding that appellant

had due and legal notice of the pendency of the suit for the time and in the manner required by law.

(2). It is unnecessary to set out and analyze the testimony contained in the transcript to ascertain whether it is sufficient to sustain the finding of the court to the effect that appellant had offered such indignities to appellee as to render his condition in life intolerable, for the decree recites that other evidence than that contained in the transcript was heard by the court as a basis for its finding. We must indulge the presumption that the other evidence referred to was sufficient to support the decree dissolving the bonds of matrimony between the parties.

No error appearing, the decree is affirmed.