WM. R. MOORE DRY GOODS COMPANY v. LAMMERS.

Opinion delivered March 17, 1930.

*M. F. Elms,* for appellant.

*Ray & Ray,* for appellee.

HUMPHREYS, J. Appellant brought suit against J. B. Blackstone in the chancery court of Arkansas County, Southern District, to foreclose a second mortgage on a small tract of land given to secure an indebtedness of about $700 for goods and merchandise, and, deeming the mortgage security insufficient, filed an affidavit for a vendor's lien on the stock of goods, attachment and bond for attachment, and caused a writ of attachment to be issued and levied upon the stock of goods owned by Blackstone which was located in a building owned by appellee. The building was retained by the sheriff or receiver until the goods were sold, the rent thereon amounting to $305, for which amount appellee filed a claim in the attachment proceeding as follows:

"STATEMENT OF INTERVENER, APPELLEE HERE,

A. E. LAMMERS.

"Statement of amount due on 12-18-28.

"To Albert Lammers, of Stuttgart, Ark.

"By Wm. R. Moore Dry Goods Company, of Memphis, Tennessee.

"For amount of rental on store building, located at 225 North Main Street, Stuttgart, Arkansas, occupied by J. B. Blackstone, but which was taken possession of by you on June 15, 1928, under a court foreclosure order:

| | |
|---|---|
| Rental for June, 1928 | $25.00 |
| Rental for July, 1928 | 50.00 |
| Rental for August, 1928 | 50.00 |
| Rental for September, 1928 | 50.00 |
| Rental for October, 1928 | 50.00 |
| Rental for November, 1928 | 50.00 |
| Rental for December, 1928 | 50.00 |
| Rental (to 12-18-28) | 30.00 |
| Total | $305.00 |

"Note.

"Interest is due on this amount at the rate of 8 per cent. per annum as rental is payable monthly in advance.

"Albert Lammers.

"Subscribed and sworn to before me this 3d day of June, 1929.

"J. E. Ray, Notary Public.

"My commission expires 2-10-1930."

Upon a hearing of the intervention, the trial court made a finding that appellant retained the building in question through its receiver until the rent thereon amounted to $305, and rendered a judgment in favor of appellee against appellant for said amount, from which is this appeal. The testimony introduced on the hearing of the intervention was not incorporated in the transcript on appeal, hence appellant relies for a reversal of the judgment upon alleged error apparent on the face of the record. Appellant contends that appellee's exclusive and only remedy was to present his claim for rents to the sheriff, and for the sheriff in turn to ask that the claim be taxed as costs. In support of the contention it cites § 523 of Crawford & Moses' Digest, which provides:

"The sheriff or other officer shall be allowed by the court necessary expense of keeping the attached property to be paid by the plaintiff, and taxed in the costs."

The account for rent filed by appellee contained the statement that appellant took possession of the building on June 15, 1928, and the itemized statement for the rents indicates that possession of the building was retained until the 18th day of December, 1928. The court found that it retained possession thereof during this time through its receiver. This court on appeal must presume that the testimony adduced on the hearing, and omitted from the record, supported the finding of the court. If it did, the court was warranted in treating the intervention as a motion to tax the costs, either on the retention of the building by the sheriff or receiver. It may have appeared from the testimony that the sheriff or receiver retained the building under the direction of the appellant. In this view the proceeding adopted constituted a substantial compliance with the statute.

No error appearing, the decree is affirmed.