SISK *v.* BECKER ROOFING COMPANY.

Opinion delivered February 2, 1931.

*M. R. Perry,* for appellant.

*H. B. Stubblefield* and *W. R. Morrow,* for appellee.

McHANEY, J. The only question presented for our determination by this appeal is whether an action pending in the chancery court may be set for trial and tried by the court before the expiration of 90 days, after issues joined, on the application of either party, with notice to

opposing counsel. Section 1, Acts 1929, p. 67 provides: "Actions prosecuted by equitable proceedings shall stand for trial on any day that the court meets in regular or adjourned session, where the issues have been joined for ninety days, but where they had not been so joined, though by the provisions of §§ 1208 and 1209 they should have been, the party in default, as to time, shall not be entitled to demand a trial; provided, however, that in all actions now pending or hereafter brought, upon application of any party, after issues joined, the court or chancellor in vacation may, on notice to opposing counsel or guardians *ad litem,* set the action for trial, or if the court finds that the proof has then been completed it may try the action on any earlier date."

The proviso in the above section authorizes the very thing that was done in this case. The court found that the issues were joined, and, on application of appellees, with notice to counsel for appellants, set the case for trial within 90 days. We must indulge the conclusive presumption that the evidence heard justified the court in all orders made, as the evidence is not brought into the record by bill of exceptions or otherwise. The act under consideration was passed for the purpose of eliminating delay, and making it possible for either party to get a trial without waiting 90 days after issue joined. This will be readily seen to be one of the purposes of the act by reading the emergency clause, § 3.

Affirmed.