BURKS *v.* CANTLEY.

4-3934

Opinion delivered September 30, 1935.

*Kenneth Raynor* and *Frank Berry*, for appellant.

*W. E. Rhea, G. B. Segraves, Jr.,* and *G. B. Segraves,* for appellee.

McHANEY, J. In April, 1923, the St. Louis Joint Stock Land Bank loaned J. W. Walker and his wife, Selena J. Walker, the sum of $13,500 secured by a mortgage on two hundred and fifteen acres of farm land and payable in sixty-six semi-annual installments. There was an acceleration clause in the mortgage which provided

for the maturity of the whole debt in the event certain of the installments became delinquent. A foreclosure suit was filed on April 2, 1932, three installments being delinquent at the time, and, J. W. Walker having died, his widow and heirs-at-law, of whom there were six, were made parties defendant. At that time there remained due and unpaid the sum of $13,401.27. A decree was entered November 22, 1932, foreclosing said mortgage. Appellant was at that time a minor, but was represented by a guardian *ad litem* previously appointed by the court, and who on September 19 had filed an answer denying all the material allegations of the complaint. A previous decree had been rendered on September 19 and noted on the judge's docket but had not been entered, and a motion was made by appellee to set that decree aside because the judge's docket did not show the appointment of an attorney *ad litem*. Said decree was set aside, and the same guardian *ad litem* was reappointed, and an answer was filed by him on November 22, 1932, and at the same time he waived time for trial. Service was had on the widow and all the heirs-at-law, all of whom were of age except appellant, and all of whom except appellant made default. The case was submitted to the court on the complaint with its exhibits, summons showing service on all defendants, the report of the attorney *ad litem* and answer of the guardian *ad litem*, and the oral testimony of Mr. A. F. Barham, and appellee was decreed a first lien on the land for $13,866.48, with interest from September 19, 1932, at 8 per cent. The decree was approved by counsel representing all parties, and the lands were advertised and sold by the commissioner on January 28, 1933, for the sum of $12,510, appellee becoming the purchaser at such sale, which was approved and confirmed on February 20, 1933. The St. Louis Joint Stock Land Bank in the meantime became insolvent, and appellee was appointed receiver thereof. Appellant being a minor at that time has brought the case to this court for review by appeal within six months after becoming of age, under the provisions of § 2140, Crawford & Moses' Digest.

Appellant's first contention for a reversal of the judgment is that the chancery court was not in session on November 22, 1932, and that the decree is therefore void. The record, as originally prepared and presented to this court, appears to sustain this contention, but an amendment to the transcript has been brought up which shows that appellant is wrong. Said court was in regular session on September 19, 1932, and on that day it adjourned until November 22, 1932. The clerk omitted the adjourning order but the record has been corrected by *nunc pro tunc* order, which shows that the court was regularly adjourned from September 19 until November 22, and that said court was properly in session on November 22, which date was not in conflict with the regular terms fixed by law in other counties of said court.

It is next contended that the guardian *ad litem* had no power to waive the time for trial, and that the decree of foreclosure was prematurely entered. We do not think there is any merit in this contention. The guardian *ad litem* filed an answer denying all the material allegations of the complaint. It was not contended then and it is not suggested now that appellant has any defense to the cause of action. We held in *Sisk* v. *Becker Roofing Co.*, 183 Ark. 101, 34 S. W. (2d) 1078, that, under the provisions of § 1, of act No. 37, Acts of 1929, it was not necessary to wait ninety days after the issues are joined in a chancery case to have a trial as provided in § 1288, Crawford & Moses' Digest. That act provides: "That in all actions now pending or hereafter brought, upon application of any party, after issues joined, the court or chancellor in vacation may, on notice to opposing counsel or guardian *ad litem*, set the action for trial, or if the court finds that the proof has then been completed it may try the action on any earlier date." And as we said in *Sisk* v. *Becker Roofing Co., supra*: "The act under consideration was passed for the purpose of eliminating delay, and making it possible for either party to get a trial without waiting ninety days after issue joined." Appellee could have served notice upon the guardian *ad litem* and had the case set for trial on the day it was tried. This being true, we see no good reason why the guardian

*ad litem* could not consent to a trial. As we said in *Frazier* v. *Frazier,* 137 Ark. 57, 207 S. W. 215: "It is the duty of the court to protect the interests of the infants, and see to it that their rights are not bargained away by those who represent them. Of course this does not prevent them from assenting to such arrangements as are formal merely and which are only done to facilitate the decision of the case." The guardian *ad litem* agreed only that the case might be tried, and not that the decree that was rendered might be rendered. His agreement was one that facilitated the decision of the case. In *Stuart* v. *Barron,* 148 Ark. 380, 230 S. W. 569, it was held that, under § 2190, Crawford & Moses' Digest, the attorneys of record in an equity case may agree that the case be submitted and a decree rendered in vacation even though minors are involved. If, as was held in said case, a guardian *ad litem* may consent that the case be submitted and a decree rendered in vacation, it would seem to follow necessarily that the guardian *ad litem* could agree that the case be submitted, and a decree rendered at a time when the court is in session. Since no substantial right of the infant has been invaded or bargained away by the agreement of the attorney *ad litem* that the case might be submitted and a decree rendered on November 22, appellant's contention cannot be sustained.

We find no error, and the decree is accordingly affirmed.