Morgan *v.* Stocks.

4-5308                                                                    122 S. W. 2d 953

Opinion delivered December 19, 1938.

*Madrid B. Loftin* and *Walter L. Pope,* for appellant.
*McRae & Tompkins,* for appellee.

HOLT, J. This appeal comes from a decree foreclosing a deed of trust in the Nevada chancery court. On January 7, 1929, Wash Morgan, and Martha Morgan, his wife, executed a note in the sum of $2,000, due October 15, 1929, in favor of E. H. Alsobrook, as trustee for J. M. Stocks. On December 14, 1929, Wash Morgan died and suit was instituted on December 1, 1931, by J. M. Stocks and E. H. Weaver, as substituted trustee, against his widow and heirs at law, some of whom, including appellants herein, Ollie Morgan and Alvin Morgan, were minors. Service was duly had on all the defendants with the exception of Roy Morgan and his wife, Lessie Morgan, on December 8, 1931. On December 31st, a warning order was issued for Roy Morgan and his wife, Lessie Morgan. On January 9, 1932, the answer of appellants herein, who were then minors, was filed by Thomas W. Blakely, as attorney for Martha Morgan, mother and statutory guardian of appellants. The case was heard by the lower court on March 8, 1932, approximately 60 days after the filing of the answer of the guardian, and a decree entered. Among other things, the decree recites that the cause was submitted and the decree rendered

"from the pleadings, process, returns, papers, note and deed of trust, and oral testimony taken before the court." It is further recited in the decree: "That after personal service of process on the said minor defendants herein, Elrey Morgan, Marjorie Lowe, Alvin Morgan, Ollie Morgan and Mary E. Morgan, the said Martha Morgan, guardian for the said minor defendants, filed, at a previous term of this court, on January 9, 1932, her answer herein, denying all the material allegations in the said complaint, and that all the other defendants have made default. . . ." The oral testimony is not in the record and has not been brought forward by a bill of exceptions. This appeal was taken August 8, 1938, by the appellants under § 2746 of Pope's Digest.

Appellant urges two grounds for reversal of the judgment of the lower court: (1) That the answer of the guardian was insufficient in that it did not deny the material allegations of the complaint. (2) That the judgment was premature because, under § 1512 of Pope's Digest, it was taken less than 90 days after the issues were made up.

Considering these assignments in their order: First, we are asked to determine whether or not the answer of the guardian was sufficient. We hold that it was. The guardian in her answer specifically denies the execution of the note and deed of trust, that the deed of trust was acknowledged, denies that the rights of dower and homestead were released, denies that the deed of trust was recorded, denies that the trustee named in the deed of trust was dead, or that plaintiff was authorized to appoint another trustee, denies that default was made in the payment of the note or that plaintiff was entitled to a foreclosure or to a judgment in any amount or had paid the taxes for the year 1930.

The statute requires denial of every material allegation in the complaint which may be prejudicial to the defendant. This was the rule laid down by this court in *Varner* v. *Rice,* 44 Ark. 236, 244, where it is said: "It is the duty of a guardian *ad litem* to make a full defense without regard to the truth of the denials as to anything which may be prejudicial to the minor." We think the

record shows that the interests of the minors were fully protected and that all of the material allegations of the complaint which could possibly be considered as prejudicial to their interests were denied by the guardian in her answer.

Coming now to the second assignment, was the decree premature? We hold that it was not. The decree in this case is governed and controlled by § 1512 of Pope's Digest, which is § 1288 of Crawford & Moses' Digest as amended by act 37 of the Acts of the General Assembly of 1929. As originally enacted and before the amendatory act 37 of 1929 was passed, this section did not permit the court or chancellor in vacation to set the action for trial on notice to opposing counsel or attorneys *ad litem* and to try the case if the court found that the proof had been completed at an earlier date. The cases cited by appellant, *Sager* v. *American Investment Company,* 170 Ark. 568, 280 S. W. 654; *Old American Insurance Company* v. *Perry,* 167 Ark. 198, 266 S. W. 943, and *Harnwell* v. *Miller,* 164 Ark. 15, 259 S. W. 387, were all decided under the old section of the statute, 1288 of Crawford & Moses' Digest, and before the amendment was enacted by the Legislature in 1929, and do not control in this case.

According to the record before us, suit was filed December 1, 1931, service was duly had on all parties, on January 9, 1932, the answer of the guardian was filed and the case at issue. It was submitted on March 8, 1932, and the decree recites that the submission was, with other things, "on oral testimony taken at the hearing." There is no bill of exceptions before us. This oral testimony is not in the record. Approximately 60 days intervened between the filing of the guardian's answer and the trial of the case.

In a recent case before this court, *Burks* v. *Cantley,* 191 Ark. 347, 86 S. W. 2d 34, we held that an attorney *ad litem* could waive the time for trial and expedite same. This court said: "It is contended that the guardian *ad litem* had no power to waive the time for trial, and that the decree of foreclosure was prematurely entered. We do not think there is any merit in this con-

tention. The guardian *ad litem* filed an answer denying all the material allegations of the complaint. It was not contended then and it is not suggested now that appellant has any defense to the cause of action. We held in *Sisk* v. *Becker Roofing Company*, 183 Ark. 101, 34 S. W. 2d 1078, that, under the provisions of § 1 of act No. 37, Acts of 1929, it was not necessary to wait ninety days after the issues are joined in a chancery case to have a trial as provided in § 1288, Crawford & Moses' Digest. . . . Appellee could have served notice upon the guardian *ad litem* and had the case set for trial on the day it was tried. This being true, we see no good reason why the guardian *ad litem* could not consent to a trial. We said in *Frazier* v. *Frazier*, 137 Ark. 57, 207 S. W. 215: 'It is the duty of the court to protect the interests of the infants, and see to it that their rights are not bargained away by those who represent them. Of course, this does not prevent them from assenting to such arrangements as are formal merely and which are only done to facilitate the decision of the case.' "

There is nothing in this record to negative the idea that the guardian waived further time. Certainly it does not affirmatively appear that there was no waiver of further time. In the absence of a showing to the contrary, this court must presume, on appeal, in favor of the validity of the finding and judgment of the trial court that every fact necessary to sustain the judgment was proved where evidence adduced at the proper time would justify the court's ruling.

In *Sisk* v. *Becker Roofing Company*, 183 Ark. 101, 34 S. W. 2d 1078, this court held: "We must indulge the conclusive presumption that the evidence heard justified the court in all orders made, as the evidence was not brought into the record by bill of exceptions or otherwise." (Emphasis added.) Also in the case of *McKinney* v. *Demby*, 44 Ark. 74, this court said: "In the absence of a showing that there was no other testimony heard at the trial every intendment is indulged in favor of the action of the trial court, and this court will presume that every fact susceptible of proof that could have aided the appellee's case was fully estab-

lished. The statutory rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it appear affirmatively that it is erroneous."

To the same effect see *St. L., I. M. & S. Ry. Co.* v. *Amos,* 54 Ark. 159, 15 S. W. 362, and *London* v. *McGehee,* 126 Ark. 469, 191 S. W. 10. American Jurisprudence, Vol. 3, p. 490, § 924, lays down the rule as follows: "The inference which the law raises is that every court does its duty and does right, and unless the record shows something to the contrary, it will be presumed that the lower court acted wholly within the law, that the decree or judgment was made upon proper grounds, that that which ought to have been done was in fact done by the court below, and that the court below applied the law correctly; the appellant must show error. It should not be presumed that the court attempted to do something which under the practice it could not properly do." The record fails to disclose in this case any defense that these minors might have had to the foreclosure suit, and that their rights have been prejudiced in any manner.

We are, therefore, of the opinion that the decree of the lower court should not be disturbed, and its judgment is, accordingly, affirmed.