WHATLEY *v.* WHATLEY.

4-7050                                           170 S. W. 2d 600

Opinion delivered April 26, 1943.

*Robert D. Everett* and *A. A. Poff,* for appellant.

*E. E. Hopson* and *Lamar Williamson,* for appellee.

ROBINS, J.    To reverse a decree of the lower court overruling his motion to dismiss for want of jurisdiction and granting appellee a divorce from him, appellant

prosecutes this appeal. In her complaint, filed on February 25, 1942, appellee alleged that she was a resident of Desha county, Arkansas, and that appellant was a resident of the State of Mississippi; that appellant and appellee had, since February 23, 1939, and for more than three years before the filing of her suit, lived separate and apart without marital cohabitation. No judgment for alimony or relief other than divorce was prayed by appellee. A warning order against appellant was duly published and an attorney *ad litem* was appointed to notify appellant of the pendency of the suit. The attorney *ad litem* filed answer and report, in which he stated that shortly after the attorney *ad litem* had by letter informed appellant of the suit, appellant consulted with the attorney *ad litem* and was advised as to the laws of Arkansas and as to when the chancery court would convene. The answer and report of the attorney *ad litem* also contained a denial of the material allegations of the complaint.

On April 20, 1942, appellant filed in open court his motion to dismiss for want of jurisdiction, in which he set forth that appellant was a resident of the State of Mississippi, that appellee's residence was necessarily the same as that of her husband, and that appellee had not "resided in Desha county for a sufficient time to confer jurisdiction upon the court to try the cause or grant the relief prayed for in the complaint." When this motion was filed appellee asked for a hearing on same and offered to produce witnesses to testify thereon. Appellant requested that all testimony be taken on deposition. The court denied this request and permitted witnesses on behalf of appellee to testify orally. Appellant thereupon moved that all evidence be taken by depositions or written down by a court reporter so that a record thereof might be made and preserved. The court had no official reporter, but offered to appoint one if a satisfactory stenographer could be furnished by appellant. This was not done, and the court proceeded to hear appellee's witnesses, who testified not only as to the issues raised by the motion to dismiss, but also in support of the allegations of the complaint.

On the conclusion of this testimony, appellant ·was given 20 days in which to·file answer to the complaint and 30 days in which to take proof, and the trial was recessed. The deposition of appellant was taken on April 30, 1942. He testified only as to his residence and as to other suits for divorce which his wife had instituted against him in the State of Mississippi and in the State of Nevada.

At an adjourned session of the court held on June 30, 1942, the court, prefacing its decree with a finding that the case had been set for trial on that day, overruled the motion to dismiss the record reciting, "to which action the defendant saved exceptions and had his exceptions noted on the docket, and in open court prayed an appeal to the Supreme Court which was granted, and the defendant not offering to plead further, thereupon the · attorney for the plaintiff moved for a judgment upon the merits of the whole case and the Court finds from the evidence of the witnesses heretofore named that the plaintiff and the defendant separated on the 24th day of February, 1939; that they lived separately and apart continuously and without cohabitation since said date, and being more than three years, and that the plaintiff, Mrs. Alice Whatley, since the 1st day of June, 1941, has continuously and uninterruptedly resided in the City of McGehee, Desha county, Arkansas, and that she is a *bona fide* resident of said City and State; . . .," and it was decreed by the court that appellee be granted an absolute divorce from appellant.

The only testimony shown in the transcript filed in this court is the deposition of appellant, the testimony of witnesses heard orally before the court not having been brought into the record in any manner.

Counsel for appellant, with commendable frankness, concede that appellant's theory of defense on the ground that the residence of a wife is necessarily that of her husband has been upset by a recent decision of the supreme court of the United States, (*Williams* v. *North Carolina*, 317 U. S. 287, 63 S. Ct. 207, 87 L. ed. 189) and do not insist here that the lower court's ruling on appellant's

motion to dismiss was erroneous. This court has frequently held that a wife may acquire a separate residence from that of her husband and may properly institute suit for divorce in the county of her separate residence. "We are committed to the rule which is supported by the great weight of authority that a wife may acquire a separate domicile from that of her husband and, at that domicile so acquired, may institute proceedings against her husband for divorce. *Wood* v. *Wood,* 54 Ark. 172, 15 S. W. 459; *Wood* v. *Wood,* 140 Ark. 361, 215 S. W. 681." *McLaughlin* v. *McLaughlin,* 193 Ark. 207, 99 S. W. 2d 571.

It is urged on behalf of appellant that the lower court erred in not requiring proof in the case to be taken by depositions. The manner of taking proof is a matter within the discretion of the court in equity cases. In the case of *Hershy* v. *Berman,* 45 Ark. 309, Chief Justice COCKRILL, speaking for the court, said: "Oral testimony may be heard at the discretion of the court, in chancery proceedings, but the common practice is to reduce all testimony to writing . . ." Even though there was present no court reporter or other stenographer who could take down and transcribe the testimony, this testimony could have been brought into the record by bill of exceptions. The decree recites that the testimony of eight witnesses on behalf of appellee was taken in open court, but none of this testimony appears in the record, and, under the long established rule of this court, where, on appeal from a decree of the chancery court, all the testimony heard by the chancellor is not brought into the record this court conclusively presumes that there was sufficient evidence to support the finding and decree of the chancellor. *Carpenter* v. *Ellenbrook,* 58 Ark. 134, 23 S. W. 792; *Dierks Lumber & Coal Co.* v. *Cunningham,* 81 Ark. 427, 99 S. W. 693; *Stuckey* v. *Lockard,* 87 Ark. 232, 112 S. W. 747; *Barringer* v. *Bratcher,* 90 Ark. 214, 118 S. W. 1015.

Appellant also argues that error was committed by the lower court in not granting appellant time in which to answer and to produce witnesses in his behalf; but the decree recites that, after appellant's motion to dismiss had been overruled, appellant did not offer to plead

further. Since the court had previously postponed the hearing of the case in order to give appellant time in which to take testimony, and it appears from the record that, after his motion to dismiss had been overruled, appellant did not offer to file answer or other pleading, and did not request the granting of any time within which to do so, the chancery court did not abuse its discretion in proceeding with the trial.

No error appearing, the decree of the lower court is affirmed.