McCarson *v.* Hankins.

4-7365                                              180 S. W. 2d 830

Opinion delivered May 22, 1944.

*Oliver Moore,* for appellant.

*Bob Bailey* and *Bob Bailey, Jr.,* for appellee.

ROBINS, J.   This appeal involves ownership of block 11 of M. A. Russell's Addition to the city of Russellville, Arkansas.   Appellee claims title by virtue of a deed executed by the original owner, Margaret Hill, to him on July 22, 1939.   Appellant bases her claim of title on a forfeiture and sale of the lot for nonpayment of taxes of 1932, a confirmation of the state's title by decree of chancery court rendered on July 27, 1939, and a deed executed July 1, 1941, by the state land commissioner conveying the property in dispute to appellant.

Appellee in the lower court assailed the validity of the tax sale on the ground that provisions of law as to assessment of the land for taxes, advertising same for sale and certifying thereof were not carried out by the officials.

The chancery court found that the sale of the land for the taxes of 1932 was void for the reason that the amount of the taxes, penalty and costs for which this land was sold was incorrect; that the collector was without power to sell the land and that the confirmation decree did not cure this invalidity of the sale to the state.   From the decree of the lower court cancelling the deed of the land commissioner to appellant and quieting the title of appellee appellant has appealed.

We held in the case of *Lumsden* v. *Erstine,* 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132, that where, because of inclusion of improper charges in the amount of taxes, penalty and costs, there is a want of power to sell

lands for nonpayment of taxes, the sale is void and is not made valid by a confirmation decree subsequently rendered in the statutory proceeding instituted by the state to confirm its title.

Appellant challenges the correctness of the finding of the lower court that essential requirements of law were not observed as to the assessment and levy of the taxes on the land involved herein for the year 1932; and urges that, if a certain "report on regularity of tax sale" is excluded from the record, there is nothing therein to support the lower court's finding.

It is true that no failure to comply with the law in the proceedings prior to the tax sale is shown other than by this "report," and appellant is correct in her contention that this "report" does not appear to be properly a part of the record in this case. But it is recited in the decree appealed from herein that the cause was submitted "upon the bill of the plaintiff and exhibits thereto, the answer and cross-bill of the defendant and exhibits thereto, the depositions of witnesses taken and filed in said cause, and by agreement of parties, the records of assessment, levy of taxes, return by the collector of lands on which taxes had not been paid for the year 1932, the record of the sale, certificate of the county clerk to the state of Arkansas, deed from the state land commissioner to the defendant, confirmation decree of the chancery court and other evidence produced, being the clerk's record of extension of taxes, penalty and costs . . ."

Under our long established rule we must presume that the evidence referred to in the decree and not shown in the record was sufficient to authorize the decree rendered by the lower court, since the decree was not without the issues raised by the pleadings.

In the case of *Dierks Lumber & Coal Company* v. *Cunningham*, 81 Ark. 427, 99 S. W. 693, suit had been brought by Cunningham to cancel a deed executed by the commissioner of state lands to the Dierks Lumber & Coal Company conveying the land in controversy as land which had been forfeited to the state for nonpayment of

taxes. The chancery court found that the land was sold for an excessive amount of taxes and costs and that the sale was void for that reason. This court, affirming the decree of the lower court, said: ''Counsel for appellant contend that there is no evidence whatever .in the record here to support this finding, and that is true. We find nothing in the transcript bearing on the validity or invalidity of this tax title under which defendant claims, but the decree of the chancery court recites that the cause was submitted to that court and heard on the complaint, answer thereto, depositions, etc., 'and the tax for the year of 1884 and the record of delinquent lands sold by the collector of Howard county for taxes. for the year 1884 on part of plaintiff and the tax deed of the defendant,' from which the court found that the forfeiture and sale were void as before stated. The recitals in the decree therefore show that there was evidence before the chancery court that has not been preserved in the record and copied in the transcript. It is true that the clerk has certified that the transcript is a true, perfect and complete transcript of all the papers, pleadings, exhibits, record entries and evidence in the case, but under our statute the clerk is not required to certify to the fact that the transcript contains all the evidence in the case. His duty is to send up a duly authenticated transcript of the record. Kirby's Digest, §§ 1194, 1195. He may have done that in this case, but it does not follow that the recitals in the decree that other evidence was heard by the court is false, for the parties may have failed to make this evidence a part of the record by filing it or by obtaining a proper order of the court to that effect. As the recitals of the decree show that other evidence was heard by the court which has not been preserved in the record and copied in the transcript, the presumption must. be that such evidence sustains the judgment. *Carpenter* v. *Ellenbrook,* 58 Ark. 134, 23 S. W. 792; *Hershy* v. *Baer.* 45 Ark. 240.''

Other. cases in which this rule has been applied are *Brown* v. *Nelms,* 86 Ark. 368, 112 S. W. 373; *Stuckey* v. *Lockard,* 87 Ark. 232, 112 S. W. 747; *Barringer* v.

*Bratcher,* 90 Ark. 214, 118 S. W. 1015; *Bloomer* v. *Cone & Co.,* 92 Ark. 622, 124 S. W. 254; *Young* v. *Vincent,* 94 Ark. 115, 125 S. W. 658; *Hicks* v. *Hicks,* 122 Ark. 612, 184 S. W. 416; *Dumas* v. *Crowder,* 178 Ark. 143, 10 S. W. 2d 43; *Wm. R. Moore Dry Goods Co.* v. *Lammers,* 181 Ark. 334, 25 S. W. 2d 754; *Sisk* v. *Becker Roofing Co.,* 183 Ark. 101, 34 S. W. 2d 1078; *Southern Grocery Co.* v. *Merchants' & Planters' Title & Investment Co.,* 186 Ark. 615, 54 S. W. 2d 980; *Jesseph* v. *Leveridge,* 205 Ark. 665, 170 S. W. 2d 71.

No error being shown by the record, the decree of the lower court is affirmed.